## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>PLAINTIFF,<br><br>V.<br><br>TELLABS OPERATIONS, INC., TELLABS, INC., AND TELLABS NORTH AMERICA, INC.<br><br>DEFENDANTS. | JURY TRIAL DEMANDED |

## FUJITSU LIMITED'S COMPLAINT FOR PATENT INFRINGEMENT AGAINST TELLABS, INC., TELLABS OPERATIONS, INC., AND TELLABS NORTH AMERICA, INC.; and JURY DEMAND

Plaintiff Fujitsu Limited, through counsel, David C. Van Dyke, hereby submits this Complaint to demand a jury trial and complain of Defendants Tellabs, Inc., Tellabs Operations, Inc., and Tellabs North America as follows:

## NATURE OF THE ACTION

1.     This is an action by Plaintiff Fujitsu Limited ("Fujitsu") against Defendants Tellabs, Inc., Tellabs Operations, Inc., and Tellabs North America, collectively referred to as "Defendants," for infringement of U.S. Patent No. 5,526,163; U.S. Patent No. 5,521,737; U.S. Patent No. 7,227,681 and U.S. patent No. 5,386,418 (collectively, the "Fujitsu Patents").

## THE PARTIES

2.     Fujitsu is a corporation organized and existing under the laws of Japan and having a principal place of business at 1-1 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki-shi, Kanagawa-ken, 211-8588 Japan.  Fujitsu is the owner of all rights in the Fujitsu Patents asserted herein.

3.     On information and belief, Defendant Tellabs, Inc. is a Delaware corporation with its principal executive offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563 and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

4.     On information and belief, Defendant Tellabs Operations, Inc. is a Delaware corporation with offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563 and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

5.     On information and belief, Defendant Tellabs North America is a Delaware corporation with its principal executive offices at One Tellabs Center, 1415 West Diehl Road,

Naperville, Illinois 60563 and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

6.      Defendants manufacture, assemble, use, offer for sale and/or sell optical communication products (referred to as "the Accused Tellabs Products").  Upon information and belief, the Accused Tellabs Products are made, used, offered for sale and/or sold in the United States, including in the State of Illinois.  More specifically, on information and belief, sales and offers for sale that constitute acts of infringement have been made in the Northern District of Illinois.  On further information and belief, Tellabs North America has been responsible for sales and offers for sale of components and modules of Accused Tellabs Products in the Northern District of Illinois, and elsewhere throughout the United States, since before the filing of this lawsuit.

7.      The Accused Tellabs Products have infringed and continue to infringe U.S. Patents owned by Fujitsu.  Accordingly, Fujitsu seeks monetary damages to remedy Defendants' past infringement of the Fujitsu Patents and an injunction to prevent further acts of infringement.

## JURISDICTION AND VENUE

8.      This infringement action arises under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      Defendants' home office and corporate headquarters are in the Northern District of Illinois.

10.     Accordingly, venue in the Northern District of Illinois is proper under 28 U.S.C. §§1391(b), 1400(b).

## FIRST CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 7,227,681)

11.    The allegations of Paragraphs 1-10 above are incorporated for this First Claim as though fully set forth herein.

12.    On June 5, 2007, United States Patent No. 7,227,681 ("the '681 Patent") duly and legally issued to Fujitsu.  This patent is titled "Controller Which Controls A Variable Optical Attenuator To Control The Power Level Of A Wavelength-Multiplexed Optical Signal When 56 The Number Of Channels Are Varied."  A copy of the '681 Patent is attached hereto as "Exhibit A" and made a part hereof.

13.    Fujitsu is the owner of the '681 Patent and has the right to enforce the '681 Patent.

14.    On information and belief, Defendants manufacture, offer for sale, sell, use or induce the same, systems having an optical amplifier falling within the scope of one or more of the claims of the '681 Patent, including but not limited to Tellabs® 7100 optical transport systems configured with a system processor module (SPM) or other processor module plus any of the following input amplifier modules: LIAM-E, LRAM-E, or any other 44-channel input amplifier module from feature package 3.3 or higher (collectively, "the 44-Channel Input Amplifier Modules"), and all 88 channel versions of those 44 Channel Input Amplifier Modules; and the Tellabs® 7100 Nano optical transport systems configured with an SPM-N or other processor module plus any 88 channel version of the 44 Channel Input Amplifier Modules (all input amplifier modules identified above collectively referred to as  "the '681 Accused Products").  As a result, Defendants have infringed, literally and/or by equivalents,  continue to infringe, and/or threaten infringement of one or more of the claims of the '681 Patent as defined

by 35 U.S.C. § 271. Fujitsu has suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

15.     Defendants are contributorily infringing, will induce, are inducing and have induced infringement of one or more claims of the '681 Patent by offering to sell and selling Tellabs® 7100 and 7100 Nano optical transport systems, which include but are not limited to the current and preceding versions of the '681 Accused Products, to customers, buyers, sellers, users and others who directly infringe the '681 Patent. Infringement of the asserted claims of the '681 Patent can be found through operation of the '681 Accused Products, which are not staple articles or commodities of commerce suitable for substantial noninfringing use, in an ordinary and intended manner. Despite Defendants' knowledge of the '681 Patent, on information and belief, Defendants have continued and are continuing to sell and offer to sell the '681 Accused Products to third parties with the object of promoting their use to infringe, as shown by Defendants' clear expression and other affirmative steps taken to foster infringement by their customers. For instance, on information and belief, Defendants provide formal and informal training sessions for customers, documents such as datasheets and product manuals, and any training, teaching or instruction. Such instructions have directly induced Defendants' customers to operate the '681 Accused Products in a manner that infringes the asserted claims of the '681 Patent.

16.     On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Fujitsu's rights under the '681 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

17.     Fujitsu believes that Defendants will continue to infringe the '681 Patent unless enjoined by this Court.  Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

## SECOND CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 5,526,163)

18.     The allegations of Paragraphs 1-10 above are incorporated for this Second Claim as though fully set forth herein.

19.     On June 11, 1996, United States Patent No. 5,526,163 ("the '163 Patent") duly and legally issued to Fujitsu.  This patent is titled "Optical Amplifier And Optical Communication System With Optical Amplifier Using Pumping Light Beam."  A copy of the '163 Patent is attached hereto as "Exhibit B" and made a part hereof.

20.     Fujitsu is the owner of the '163 Patent and has the right to enforce the '163 Patent.

21.     On information and belief, Defendants manufacture, offer for sale, sell, use or induce the use of systems falling within the scope of one or more of the claims of the '163 Patent, including but not limited to Tellabs® 7100 optical transport systems configured with a system processor module (SPM) plus any 88 channel version of the 44 Channel Input Amplifier Modules; and the Tellabs® 7100 Nano optical transport systems configured with an SPM-N or other processor module plus any 88 channel version of the 44 Channel Input Amplifier Modules (collectively, "the '163 Accused Products").  As a result, Defendants have infringed, literally and/or by equivalents,  continue to infringe, and/or threaten infringement of one or more of the claims of the '163 Patent as defined by 35 U.S.C. § 271.  Fujitsu has suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

22.     Defendants are contributorily infringing, will induce, are inducing and have induced infringement of one or more claims of the '163 Patent by offering to sell and selling its Tellabs® 7100 and 7100 Nano optical transport systems, which include but are not limited to the current and preceding versions of the '163 Accused Products, to customers, buyers, sellers, users and others who directly infringe the '163 Patent.  Infringement of the asserted claims of the '163 Patent can be found through operation of the '163 Accused Products, which are not staple articles or commodities of commerce suitable for substantial noninfringing use, in an ordinary and intended manner.  Despite Defendants' knowledge of the '163 Patent, on information and belief, Defendants have continued and are continuing to sell and offer to sell the '163 Accused Products to third parties with the object of promoting their use to infringe, as shown by Defendants' clear expression and other affirmative steps taken to foster infringement by their customers.  For instance, on information and belief, Defendants provide formal and informal training sessions for customers, documents such as datasheets and product manuals, and any training, teaching or instruction.  Such instructions have directly induced Defendants' customers to operate the '163 Accused Products in a manner that infringes the asserted claims of the '163 Patent.

23.     On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Fujitsu's rights under the '163 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

24.     Fujitsu believes that Defendants will continue to infringe the '163 Patent unless enjoined by this Court.  Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

## THIRD CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 5,521,737)

25.     The allegations of Paragraphs 1-10 above are incorporated for this Third Claim as though fully set forth herein.

26.     On May 28, 1996, United States Patent No. 5,521,737 ("the '737 Patent") duly and legally issued to Fujitsu.  This patent is titled "Optical Amplifier And Optical Communication System With Optical Amplifier Using Pumping Light Beam."  A copy of the '737 Patent is attached hereto as "Exhibit C" and made a part hereof.

27.     Fujitsu is the owner of the '737 Patent and has the right to enforce the '737 Patent.

28.     On information and belief, Defendants manufacture, offer for sale, sell, use or induce the use of systems having an optical amplifier falling within the scope of one or more of the claims of the '737 Patent, including but not limited to Tellabs® 7100 optical transport systems configured with an SPM plus any 44 Channel Input Amplifier Modules other than the LIAM-E and LRAM-E, and any 88 channel version of the 44 Channel Input Amplifier Modules; and the Tellabs® 7100 Nano optical transport systems configured with an SPM-N or other processor module plus any 44 Channel Input Amplifier Modules other than the LIAM-E and LRAM-E, and any 88 channel version of the 44 Channel Input Amplifier Modules (collectively "the '737 Accused Products").  As a result, Defendants have infringed, literally and/or by equivalents,  continue to infringe, and/or threaten infringement of one or more of the claims of the '737 Patent as defined by 35 U.S.C. § 271.  Fujitsu has suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

29.     Defendants are contributorily infringing, will induce, are inducing and have induced infringement of one or more claims of the '737 Patent by offering to sell and selling Tellabs® 7100 and 7100 Nano optical transport systems, which include but are not limited to the current and preceding versions of the '737 Accused Products, to customers, buyers, sellers, users and others who directly infringe the '737 Patent.  Infringement of the asserted claims of the '737 Patent can be found through operation of the '737 Accused Products, which are not staple articles or commodities of commerce suitable for substantial noninfringing use, in an ordinary and intended manner.   Despite Defendants' knowledge of the '737 Patent, on information and belief, Defendants have continued and are continuing to sell and offer to sell the '737 Accused Products to third parties with the object of promoting their use to infringe, as shown by Defendants' clear expression and other affirmative steps taken to foster infringement by their customers.  For instance, on information and belief, Defendants provide formal and informal training sessions for customers, documents such as datasheets and product manuals, and any training, teaching or instruction.  Such instructions have directly induced Defendants' customers to operate the '737 Accused Products in a manner that infringes the asserted claims of the '737 Patent.

30.     On information and belief, Defendants' acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge of Fujitsu's rights under the '737 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

31.     Fujitsu believes that Defendants will continue to infringe the '737 Patent unless enjoined by this Court.  Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

## FOURTH CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 5,386,418)

32.     The allegations of Paragraphs 1-10 above are incorporated for this Fourth Claim as though fully set forth herein.

33.     On January 31, 1995, United States Patent No. 5,386,418 ("the '418 Patent") duly and legally issued to Fujitsu.  This patent is titled "Method for Synchronizing Synchronous Data Communication Network and Communication Device Used in the Synchronous Data Communication Network."  A copy of the '418 Patent is attached hereto as "Exhibit D" and made a part hereof.

34.     Fujitsu is the owner of the '418 Patent and has the right to enforce the '418 Patent.

35.     On information and belief, Defendants manufacture, offer for sale, sell, use or induce the same, systems for synchronous data communications falling within the scope of one or more of the claims of the '418 Patent, including but not limited to all current and preceding versions of: Tellabs® 7100 optical transport systems configured with any of the following modules: SMTM-U, SSM-x, and/or SSM-d; and Tellabs® 7100 Nano optical transport systems configured with any of the following modules: SMTM-U, SSM-x, and/or SSM-d (collectively, "the '418 Accused Products").  As a result, Defendants have infringed, literally and/or by equivalents, continue to infringe, and/or threaten infringement of one or more of the claims of the '418 Patent as defined by 35 U.S.C. § 271.  Fujitsu has suffered damage by reason of Defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

36.     Defendants are contributorily infringing, will induce, are inducing and have induced infringement of one or more claims of the '418 Patent by offering to sell and selling

Tellabs® 7100 and Tellabs® 7100 Nano optical transport systems, which include but are not limited to the current and preceding versions of the '418 Accused Products, to customers, buyers, sellers, users and others who directly infringe the '418 Patent. Infringement of the asserted claims of the '418 Patent can be found through operation of the '418 Accused Products, which are not staple articles or commodities of commerce suitable for substantial noninfringing use, in an ordinary and intended manner. Despite Defendants' knowledge of the '418 Patent, on information and belief, Defendants have continued and are continuing to sell and offer to sell the '418 Accused Products to third parties with the object of promoting their use to infringe, as shown by Defendants' clear expression and other affirmative steps taken to foster infringement by their customers. For instance, on information and belief, Defendants provide formal and informal training sessions for customers, documents such as datasheets and product manuals, and any training, teaching or instruction. Such instructions have directly induced Defendants' customers to operate the '418 Accused Products in a manner that infringes the asserted claims of the '418 Patent.

37.    On information and belief, Defendants acts of infringement have been, and, if not ceased immediately, will be committed with full knowledge Fujitsu's rights under the '418 Patent, and in willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

38.    Fujitsu believes that Defendants will continue to infringe the '418 Patent unless enjoined by this Court. Such infringing activity causes Fujitsu irreparable harm and will continue to cause such harm without the issuance of an injunction.

## PRAYER FOR RELIEF

Fujitsu requests that the Court find in its favor and against Defendants and that the Court grant the following relief:

a.      Judgment that Defendants have infringed one or more claims of the '163 Patent, '737 Patent, '681 Patent and '418 Patent, either directly, contributorily, and/or by inducement, either literally and/or under the doctrine of equivalents;

b.      Judgment in favor of Fujitsu for the full amount of its actual damages caused by Defendants' infringing activities, which include lost profits and/or a reasonable royalty and an assessment of interests and costs, and trebling the same by reason of the willful, wanton, and deliberate nature of such infringement;

c.      Judgment that infringement is willful;

d.      Judgment that this is an "exceptional case" and awarding Fujitsu its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e.      Judgment that Defendants be preliminarily and permanently enjoined from further activity or conduct that infringes the claims of the '163 Patent, '737 Patent, '681 Patent and '418 Patent; and

f.      Judgment that the Court award Fujitsu such other and further relief as is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

In the above-captioned action, Fujitsu hereby demands a trial by jury as to all issues in this action triable by jury.

Respectfully submitted,

Dated: April 30, 2012       */s/ David C. Van Dyke*
           David C. Van Dyke

           David C. Van Dyke
           Howard & Howard LLP
           200 South Michigan Avenue, Suite 1100
           Chicago, IL 60604
           Telephone: (312) 456-3641
           Facsimile: (312) 939-5617
           Email: dvd@h2law.com

           *Attorney for* **FUJITSU LIMITED**