**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FUJITSU LIMITED<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TELLABS OPERATIONS, INC., TELLABS, INC., AND TELLABS NORTH AMERICA, INC.<br><br>　　　　　　Defendants. | CASE NO. 1:12-CV-03229<br><br>JUDGE HOLDERMAN<br><br>JURY TRIAL DEMANDED |

**TELLABS OPERATIONS, INC.'S, TELLABS NORTH AMERICA, INC'S,
AND TELLABS, INC.'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)6)**

Fujitsu Limited's ("Fujitsu") "new" lawsuit is a brazen third attempt to amend its infringement contentions and accuse new products in direct contravention of this Court's local patent rules and prior rulings.  This patent dispute between Fujitsu and Tellabs Operations, Inc., Tellabs Inc., and Tellabs North America, Inc. (collectively "Tellabs") has been pending for more than four years.  The Court has already construed the claims, and a first trial is only three months away.[1]  The Court has now twice denied Fujitsu leave to file an amended complaint and to amend its infringement contentions because of Fujitsu's "substantial, unexplained delay, and the resulting prejudice to Tellabs."  (Case No. 1:09-cv-4530, Dkt. 552 at 5 (March 21, 2012 order denying Fujitsu's motion for reconsideration of the order denying Fujitsu leave to amend).)  In a transparent attempt to circumvent this Court's decisions, on April 30, 2012 Fujitsu filed this

---

[1] That trial, beginning on August 27, 2012, will cover U.S. Patent No. 7,227,681, one of the patents Fujitsu attempts to assert in its "new" lawsuit.

lawsuit against Tellabs (Case No. 1:12-cv-03229, hereinafter the "3229 Case") alleging infringement of the same patents at issue in the already-pending cases.[2]  Although Fujitsu has filed a New Complaint, the 3229 Case is not a new lawsuit at all.  Rather, it is simply an attempt to pursue the same theories of indirect infringement,[3] infringement under the doctrine of equivalents,[4] and infringement by additional products,[5] that the Court has twice barred because of Fujitsu's prior lack of diligence.

The Court should dismiss Fujitsu's New Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), because (1) Fujitsu's claims in that complaint are barred by the doctrine of claim splitting, (2) Fujitsu's New Complaint is duplicative of the original cases, (3) Fujitsu's New Complaint is an impermissible collateral attack on this Court's prior orders, and (4) Fujitsu's claims in that complaint were compulsory counterclaims in the original cases.

## BACKGROUND

On January 29, 2008, Fujitsu sued Tellabs for infringement of U.S. Patents No. 5,526,163, No. 5,521,737, No. 5,386,418, and No. 6,487,686 in the Eastern District of Texas. On June 11, 2008, Tellabs sued Fujitsu for infringement of U.S. Patent No. 7,369,772 in the Northern District of Illinois, Case No. 1:08-cv-3379.  In the Illinois action, Fujitsu brought counterclaims alleging that Tellabs infringed U.S. Patents No. 5,533,006 and No. 7,227,681.  On

---

[2] The complaint from the 3229 Case (hereinafter "New Complaint") alleges infringement of U.S. Patents No. 5,526,163, No. 5,521,737, No. 5,386,418, No. 6,487,686, and No. 7,227,681.

[3] *Compare* New Fujitsu Complaint ¶¶ 15, 22, 29, 36 (reciting allegations of indirect infringement), *with* March 21, 2012 Order, at 15, 18 (denying Fujitsu Ltd. leave to amend infringement contentions to include allegations of indirect infringement).

[4] *Compare* New Fujitsu Complaint ¶¶ 14, 21, 28, 35 (reciting allegations of infringement under the doctrine of equivalents), *with* March 21, 2012 Order, at 15, 18 (denying Fujitsu Ltd. leave to amend infringement contentions to include allegations of infringement under the doctrine of equivalents).

[5] *Compare* New Fujitsu Complaint ¶¶ 14, 21, 28 (reciting allegations of infringement against 88-channel amplifier modules), *with* March 21, 2012 Order, at 16-17 (denying Fujitsu Ltd. leave to amend infringement contentions to accuse new products, including 88-channel versions of amplifier modules).

July 28, 2008, Fujitsu served its infringement contentions related to the '418, '737, and '163 Patents in the Eastern District of Texas. On November 4, 2008, Fujitsu served its infringement contentions for the '681 Patent. On July 7, 2009, the Texas court transferred the Texas action to this District. The transferred action became Case No. 1:09-cv-4530 and was consolidated for purposes of discovery with Tellabs' suit against Fujitsu, Case No. 1:08-cv-3379.

On September 29, 2011, this Court issued its *Markman* order, construing disputed claim terms in the '418, '772, '737, '163, and '681 Patents. (Case No. 09-cv-4530, Dkt. 379.) That same day, the Court denied Fujitsu leave to file an amended complaint and serve supplemental infringement contentions in the transferred case, Case No. 09-cv-4530. (Case No. 09-cv-4530, Dkt. 552 at 3.) In doing so, this Court "held that Fujitsu's 2008 Infringement Contentions were final" and that this Court's local patent rules are controlling. (*Id.* at 4.) On March 21, 2012, the Court again denied Fujitsu's motion to file new infringement contentions and characterized Fujitsu's motion as seeking "a reconsideration" of the Court's prior denial. (*Id.* at 5.) Acknowledging that Fujitsu initially had sought to amend its infringement contentions in 2009 while the case was still pending in the Eastern District of Texas, the Court concluded:

> Fujitsu waited too long after the case was transferred and did not renew that motion until May 6, 2011. (Id.) Based on that substantial, unexplained delay, and the resulting prejudice to Tellabs, this court denied the motion. (Id.) Fujitsu's original complaint remains the operative one in the case, and its 2008 contentions are Fujitsu's final infringement contentions. . . . It is simply too late in the case to allow the wholesale introduction of new theories of infringement.

(*Id.* at 5.) The Court also rejected each of Fujitsu's proposed alternative grounds for leave to file amended infringement contentions. (*Id.* at 7.)

Rather than abide by this Court's rulings, on April 30, 2012, Fujitsu filed its New Complaint alleging infringement of the same patents already at issue in the original cases and attempting to revive the same theories of indirect infringement, infringement under the doctrine

of equivalents, and infringement by new products that the Court precluded (for the second time)

in the March 21, 2012 order.

## ARGUMENT

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for

failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-

21 (7th Cir. 2001). Dismissal is appropriate where " 'it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.' " *Lee v. City*

*of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78

S.Ct. 99, 2 L.Ed.2d 80 (1957)). Fujitsu's New Complaint should be dismissed with prejudice,

pursuant to Rule 12(b)6), for four independent and wholly sufficient reasons: (1) Fujitsu's new

claims are barred by the doctrine of claim splitting, (2) Fujitsu's New Complaint is duplicative of

the original cases, (3) Fujitsu's New Complaint is an impermissible collateral attack on this

Court's prior order, and (4) Fujitsu's new claims were compulsory counterclaims in the original

cases.

## I.     The Doctrine of Claim Splitting Bars Fujitsu's New Claims.

The law is clear that a plaintiff cannot split its cause of action into separate claims and

raise those claims in separate suits. *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929,

941 (N.D. Ill. 2006). "Rather, a party must bring in one action all legal theories arising out of the

same transaction or series of transactions." *Id*. at 941 (internal quotation omitted); *see also*

*CIVIX-DDI, LLC v. Expedia, Inc.*, 04 C 8031, 2005 WL 1126906 (N.D. Ill. May 2, 2005)

("Courts prohibit a litigant from splitting its claims into multiple actions when the litigant should

have brought the claims in a single action."). The principle underlying this prohibition against

"claim splitting" is the same as the principle that underlies *res judicata*, but "[u]nlike *res*

*judicata,* which may only be applied to dispose of an action following a final judgment on the

merits in a prior action, courts have applied the doctrine of claim splitting before there is a final judgment in a prior action." *Kim*, 412 F. Supp. 2d at 941 (internal citation omitted).

The claim splitting doctrine applies with particular force in patent cases, where "[c]ourts have consistently held that a plaintiff is barred from asserting a patent in a subsequent action against products or processes if that patent could have been asserted in the prior action." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 92 (S.D.N.Y. 2002). And "a plaintiff is precluded from raising a particular legal theory in a subsequent action even if she was not permitted to assert that particular theory in the first action due to her own dilatory conduct." *Id.* at 91 (citing *Kearns v. General Motors Corp.,* 94 F.3d 1553, 1555 (Fed. Cir. 1996)).

The application of the claim-splitting doctrine in patent cases is illustrated by *Kim v. Sara Lee Bakery Group, Inc.* In *Kim*, the plaintiff attempted to supplement its interrogatory response to identify additional accused products approximately one year after discovery had closed and after the completion of claim construction. *Kim*, 412 F. Supp. 2d at 936. The court granted the defendant's motion to bar evidence relating to the newly accused products. *Id.* at 933. In response, the plaintiff filed a second lawsuit alleging infringement of the same patent, and the defendant moved to dismiss. *Id.* at 934. The court granted the motion to dismiss on several grounds, including that the claims in the second action were barred by the doctrine of claim splitting. *Id.* at 944. The court reasoned that "[t]he Second Action asserts the identical patent against the identical Sara Lee products that were at issue-or at least should have been pursued and put at issue-in the First Action." *Id.* Moreover, there was "no question that [plaintiff] was aware of the products she would seek to litigate in this Second Action" during the first lawsuit. *Id.* at 943.

In this case, Fujitsu's new lawsuit seeks to assert the same patents against the same party and against the same products that were "***or at least should have been pursued and put at issue in the First Action***." *Id.* at 944 (emphasis added). Indeed, Fujitsu's new lawsuit attempts to stand the local patent rules on their head by circumventing Fujitsu's obligation to timely serve and seek leave to amend its infringement contentions. Fujitsu has twice attempted to raise the claims now asserted in the New Complaint, but was barred from doing so due to its "substantial, unexplained delay, and the resulting prejudice to Tellabs." (Case No. 09-cv-4530, Dkt. 552 at 5.) And, as in *Kim*, there is no question that Fujitsu was aware of the newly-asserted infringement theories and accused products years before seeking leave to amend its contentions in the already-pending lawsuits. Fujitsu filed a motion for leave to amend its infringement contentions in the original Texas case on June 12, 2009 (Case No. 6:08-cv-22, Dkt. 89); this motion was dismissed without prejudice when the case was transferred to Illinois (Case No. 6:08-cv-22, Dkt. 118). After the case was transferred, Fujitsu waited for more than two years to re-file its motion with this Court, a delay this Court has already found "unjustified" and "unexplained." These are claims that could and should have been pursued in the previously-filed actions. Fujitsu cannot flagrantly ignore the Local Patent Rules and orders of this Court by simply filing new complaints to assert theories of infringement and accused modules Fujitsu improperly failed to include in the prior actions.

Accordingly, the doctrine of claim splitting bars Fujitsu's new claims, and the Court should dismiss Fujitsu's New Complaint with prejudice. *See CIVIX-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906, *4 (N.D. Ill. 2005) (dismissing second infringement action that asserted different claims of the same patents asserted in a prior copending infringement action because the patentee's second action was impermissible "claim splitting," where the patentee sought "to

assert in the Second Action the identical patents against the identical accused technology as in the Initial Action."); *see also Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 500 F. Supp. 2d 864 (N.D. Ill. 2007) (dismissing second-filed lawsuit involving same patent and newly accused product on *res judicata* grounds where, in a first lawsuit, the court ruled *in limine* to preclude patentee from raising newly accused products at trial because patentee had not timely disclosed infringement allegations related to those products).

## II.     Fujitsu's New Complaint Should Be Dismissed Because It Is Duplicative of The Original Cases.

"[A] federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation omitted).  Moreover, "[d]istrict courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  *Id.*

In this case, the parties are indisputably the same.  Moreover, in its New Complaint, Fujitsu seeks to bring precisely the same claims that are at issue in the original cases. Specifically, Fujitsu claims that Tellabs has infringed the '163, '737, '681, and '418 patents. And Fujitsu's infringement theories in the New Complaint are the same theories this Court has already considered and precluded because of Fujitsu's dilatory conduct and the resulting prejudice to Tellabs.  Further, Fujitsu's new lawsuit involves the same potential relief as the earlier-filed lawsuits.  Specifically, both lawsuits seek injunctive relief and monetary damages with respect to all Tellabs products that allegedly infringe the '163, '737, '681, and '418 patents. The fact that the amount of compensatory damages available to Fujitsu may vary depending on

the particular products accused of infringement does not mean the lawsuits seek different relief.

Indeed, this Court has previously rejected this argument:

> The Court accepts the uncontroversial assertion that the amount of compensatory damages available in an infringement case depends in part upon the products proven to have infringed and their profitability. However, if Plaintiff's damages in the First Action end up being restricted to [certain accused products], the relief will have been narrowed by Plaintiff's own actions and inactions-in particular, by her failure to allege additional infringing products in a timely fashion . . . . Therefore, the Court finds that the potential available relief between the two actions is the same, *i.e.*, injunctive relief and damages for all Sara Lee products infringing the '355 Patent, and so the two actions are duplicative.

*Kim*, 412 F. Supp. 2d at 940-41. Thus, the Court should dismiss as duplicative Fujitsu's latest attempt to revive theories of infringement and accused products that the Court has already excluded from the pending cases.

### III. Fujitsu's New Complaint Should Be Dismissed Because It Is an Impermissible Collateral Attack on the Court's Prior Orders.

"When a court enters an order that a party does not like, the party's recourse is to seek relief on appeal; it is not appropriate for the party to contest the court's order by filing a new action . . . challenging the court's ruling in the first case." *Glitsch, Inc. v. Koch Eng'g Co., Inc.*, 216 F.3d 1382, 1384 (Fed. Cir. 2000). As the Federal Circuit has observed, there is "a strong and sensible policy against such a tactic." *Id.* Fujitsu's New Complaint is nothing more than an attempt to employ this impermissible tactic.

In *Orion IP LLC v. Home Depot USA, Inc.*, No. 2:05-cv-306 (E.D. Tex. Oct. 7, 2005) (attached as Exhibit A), the court refused to allow the plaintiff to amend its infringement contentions "at an advanced stage of the case." *Id.* at 1. The plaintiff filed a second lawsuit asserting the same contentions that the court rejected in the first action, and the defendant moved to dismiss. *Id.* The court granted the motion to dismiss, applying *Glitsch* to hold that the second

action was an impermissible collateral attack on the court's prior order. *Id.* at 3. The court also held that the second action was barred by the doctrine of claim splitting. *Id.* at 1.

In this case, as in *Glitsch* and *Orion*, Fujitsu's New Complaint is an impermissible collateral attack on the Court's March 21, 2012 order denying Fujitsu's motion for reconsideration. If Fujitsu disagrees with that order, its recourse is to appeal that ruling as part of the original cases. Fujitsu may not, however, initiate a separate lawsuit to circumvent the Court's order. The Court should dismiss the New Complaint as an impermissible collateral attack.

## IV. Fujitsu's New Claims Should Be Dismissed Because They Were Compulsory Counterclaims in the Original Cases.

Fujitsu's New Complaint consists solely of claims that were compulsory counterclaims to Tellabs' claims for declaratory judgment of non-infringement in both of the previously-filed cases and should be dismissed pursuant to Federal Rule of Civil Procedure 13(a). Rule 13(a) states, in relevant part:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Fed. R. Civ. P. 13(a). The purpose behind this Rule is "judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). In keeping with this purpose, "a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation." *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003).

The Seventh Circuit employs a "logical relationship" test to determine whether two claims arise out of the "same transaction" for purposes of Rule 13(a). *In re Price*, 42 F.3d at

1073. And "the Seventh Circuit has repeatedly instructed that 'the words "transaction or occurrence" should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a).'" *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 935 (N.D. Ill. 2006) (quoting *In re Price*). The Federal Circuit has held that, under any of the tests employed by the various circuits—including the logical relationship test— "Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory." *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999) ("A counterclaim for patent infringement, in an action for declaration of non-infringement of the same patent, readily meets all four [tests employed by various circuits].").

In *Kim*, defendant had counterclaimed for declaratory judgment of non-infringement of the patent-in-suit. *Kim*, 412 F. Supp. 2d at 936. After the court denied plaintiff's untimely attempt to accuse additional products, plaintiff brought a second lawsuit seeking to accuse those same products. *Id.* The court held that claims in the second lawsuit were barred because they were compulsory counterclaims in the first lawsuit. *Id.* at 937. It reasoned that "[plaintiff] is trying to bring infringement claims in a second lawsuit against the same patent and the same set of a putative infringer's products that were put at issue by the Defendant's counterclaim for a judgment of noninfringement of the '355 patent in the First Lawsuit." *Id.* Therefore, "consistent with Rule 13(a)'s purpose of avoiding the spawning of multiple actions from a common factual background, the claims in the Second Action are compulsory counterclaims in the First Action, and the Second Action therefore merits dismissal." *Id.*

In this case, Tellabs pleaded a counterclaim for declaratory judgment of non-infringement in both of the previously-filed cases and with respect to each of the patents now asserted in

Fujitsu's New Complaint. (*See* Case No. 1:09-cv-04530, Dkt. 441 at 19 – 20 (as to '163, '737, and '418 Patents); Case No. 1:08-cv-03379, Dkt. 407 at 83 (as to '681 Patent).) Tellabs' declaratory judgment claims made compulsory, *in those actions*, all potential infringement claims against all Tellabs products that were known or should have been known to Fujitsu. Fujitsu was clearly aware of its infringement claims with respect to the additional Tellabs modules at least as early as 2009. Consequently, Fujitsu's new claims were compulsory under Rule 13, and this Court has already determined that Fujitsu was dilatory in seeking to add them to the already-pending cases and that its dilatory conduct was prejudicial. These claims cannot now be asserted in a separate lawsuit. *See Polymer Indus.*, 347 F.3d at 938.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants Tellabs Operations, Inc.'s, Tellabs Inc.'s, and Tellabs North America, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6).

Dated: June 4, 2012

Respectfully submitted,

/s/ Richard O'Malley, Jr.
Richard F. O'Malley, Jr.
Robert D. Leighton

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036

ATTORNEYS FOR
TELLABS OPERATIONS, INC., TELLABS INC.,
AND TELLABS NORTH AMERICA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of June, 2012, I caused a copy of the foregoing document to be served on opposing counsel via the Court's ECF system pursuant to Local Rule 5.5(a)(3) and Section X(C) of General Order 09-014 (June 5, 2009) (General Order on Electronic Case Filing).


_____
/s/ *Robert Leighton*