IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 12 C 3229 |
| | ) | |
| TELLABS OPERATIONS, INC., | ) | |
| TELLABS INC., and TELLABS | ) | |
| NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
TELLABS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>

JAMES F. HOLDERMAN, Chief Judge:

On April 30, 2012, in Case No. 12 C 3229, plaintiff Fujitsu Limited sued defendants

Tellabs Operations, Inc., Tellabs Inc., and Tellabs North American, Inc. (collectively "Tellabs")

alleging infringement of four U.S. Patents owned by Fujitsu Limited.[1]  (Case No. 12 C 3229,

Dkt. No. 1 ("New Complaint").)  In response, Tellabs filed a motion to dismiss the New

Complaint, noting that Fujitsu Limited had already alleged infringement against Tellabs for the

same four patents-in-suit in Case No. 08 C 3379 and Case No. 09 C 4530 pending before this

court, and that this court previously denied Fujitsu Limited leave to amend its infringement

contentions in those two cases.  (Dkt. No. 9 ("Tellabs' Mot.").)

For the reasons set forth below, Tellabs' motion to dismiss is granted in part and denied

in part.  To the extent Fujitsu Limited raises new theories of infringement, if any, based on the

---

[1] The four patents-at-issue is Case No. 12 C 3229 are U.S. Patents No. 7,227,681 (the "'681 Patent"), No. 5,526,163 (the "'163 Patent"), No. 5,521,737 (the "'737 Patent"), and No. 5,386,418 (the "'418 Patent").

same patents and the same accused products asserted in Case No. 08 C 3379 and Case No. 09 C
4530, the court finds these claims to be barred by the doctrine of claim splitting.  To the extent
Fujitsu Limited alleges infringement contentions against newly-accused products, the court
denies Tellabs' motion to dismiss.

## BACKGROUND

The court begins this background section with a discussion of the two lawsuits already
pending before this court at the time Fujitsu Limited filed its New Complaint.  *Fujitsu Limited v.
Tellabs*, Case No. 09 C 4530 (the "Texas Action"), was originally filed on January 29, 2008 in
the Eastern District of Texas, before being transferred to this court on July 29, 2009.  The Texas
Action includes Fujitsu Limited's infringement claims regarding the '163 Patent, the '737 Patent,
and the '418 Patent.[2]  Fujitsu Limited served Tellabs with its infringement contentions in the
Texas Action on July 28, 2008 ("July 2008 Infringement Contentions").

*Tellabs v. Fujitsu Limited*, Case No. 08 C 3379 (the "Illinois Action") was filed on June
11, 2008 in the Northern District of Illinois.  The Illinois Action includes Fujitsu Limited's
infringement counterclaim regarding the '681 Patent.[3]  Fujitsu Limited served Tellabs with its
infringement contentions in the Illinois Action on November 4, 2008 ("November 2008
Infringement Contentions").  As noted above, the Texas Action was transferred to the Northern

---

[2]  On September 26, 2012, this court entered summary judgment in favor of Tellabs on its
counterclaim for declaratory judgment of invalidity of the '418 Patent.  (09 C 4530, Dkt. Nos.
949, 950, 951.)  That ruling is the subject of a pending appeal in the Federal Circuit.

[3]  On September 7, 2012, at the close of a nine-day trial in the Illinois Action, a jury in the
Northern District of Illinois determined that the '681 Patent was not invalid and was not
infringed by Tellabs' MIAM module product.  The court denied both parties' post-trial motions
in a memorandum opinion and order issued on January 24, 2012.  (08 C 3379, Dkt. No. 577; 09
C 4530, Dkt. No. 1052.)

District of Illinois on July 29, 2009.  Both cases were then consolidated before this court for purposes of discovery.

Almost two years after the Texas Action was transferred to the Northern District of Illinois, on May 6, 2011, Fujitsu Limited sought leave from this court to amend its Complaint and infringement contentions in the Texas Action.  Applying Federal Rule of Civil Procedure 15(a)(2), Eastern District of Texas Local Patent Rule 3-6, Northern District of Illinois Local Patent Rule 3.4, and case law from both the Federal Circuit and the Seventh Circuit, this court found that Fujitsu Limited's "extensive and ever-continuing" delay in seeking leave to amend was "unjustified" and "unexplained," and that "Tellabs would be severely prejudiced by allowing Fujitsu to now pursue these infringement theories at this late date."  (09 C 4530, Dkt. No. 377 at 3-4.)

On October 20, 2011, Fujitsu Limited again sought leave from this court to amend its infringement contentions in both the Texas Action and the Illinois Action.  This court denied Fujitsu Limited's motion.  The court deemed Fujitsu Limited's July 2008 Infringement Contentions (Texas Action) and November 2008 Infringement Contentions (Illinois Action) to be "final."  (09 C 4530, Dkt. No. 552.)

Fujitsu Limited does not dispute that the New Complaint includes "the same theories of indirect infringement, infringement under the doctrine of equivalents, and infringement by new products" (Dkt. No. 10 ("Tellabs' Mem.") at 3-4) that Fujitsu Limited previously sought to make a part of the Texas Action and the Illinois Action.  (*See also* Dkt. No. 14 ("Fujitsu's Resp.") at 3-4 (acknowledging that "Fujitsu moved to amend and supplement its initial infringement contentions in the original actions . . . to add the modules and products now accused of

3

infringement in Fujitsu's new complaint.").)  The court uses the terms "new theories of infringement" and "newly-accused products" to refer to the relevant allegations of the New Complaint as appropriate in the analysis that follows.

<u>LEGAL STANDARD</u>

Tellabs has moved to dismiss the New Complaint under Federal Rule of Civil Procedure 12(b)(6), on the grounds that the New Complaint fails to state a claim upon which relief may be granted.  (Tellabs' Mem. at 4.)  Tellabs asserts four legal arguments in support of its requested relief: "(1) Fujitsu's new claims are barred by the doctrine of claim splitting, (2) Fujitsu's New Complaint is duplicative of the original cases, (3) Fujitsu's New Complaint is an impermissible collateral attack on this Court's prior order, and (4) Fujitsu's new claims were compulsory counterclaims in the original cases."  (*Id.*)  The court separately addresses the law applicable to each argument in the analysis that follows.

It is undisputed that the court may take judicial notice of prior court rulings without converting Tellabs' motion to dismiss into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

<u>ANALYSIS</u>

1. <u>Doctrine of Claim Splitting</u>

Tellabs first asserts that the doctrine of claim splitting bars Fujitsu Limited's new theories of infringement and its claims against newly-accused products in the New Complaint. The bar against claim splitting is a form of res judicata.  *See Palka v. City of Chicago*, 662 F.3d

4

428, 437 (7th Cir. 2011) ("This case is a quintessential example of claim splitting in duplicative

lawsuits, a litigation tactic that res judicata doctrine is meant to prevent."). Unlike traditional

claim preclusion, however, the bar against claim splitting can be applied before either action

reaches a final judgment on the merits. *See Trading Tech. Int'l, Inc. v. BCG Partners, Inc.*, 2011

WL 3157304, at *3 (N.D. Ill. July 26, 2011) (Kendall, J.) ("The prohibition against claim

splitting is application of familiar claim preclusion principles to two actions that are pending

simultaneously but neither has reached final judgment.") (citing CHARLES ALAN WRIGHT &

ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 4406 (2d ed. 2011)); *Kim v.*

*Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (Filip, J.) ("Unlike res

judicata, . . . courts have applied the doctrine of claim splitting before there is a final judgment in

a prior action"); *CIVIX-DDI, LLC v. Expedia, Inc.*, No. 04 C 8031, 2005 WL 1126906, at *4

(N.D. Ill. May 2, 2005) (St. Eve, J.) ("district courts have applied the doctrine of claim splitting

when the first action was still pending").

Like all claim preclusion, the bar against claim splitting requires that the second claim is

"based on the same set of 'transactional facts' as the first claim." *Trading Tech. Int'l*, 2011 WL

3157304, at *3 (citation omitted); *see also Kim*, 412 F. Supp. 2d at 941 ("a party must bring in

one action all legal theories arising out of the same transaction or series of transactions")

(quoting *Am. Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91 (S.D.N.Y. 2002)).

"Whether two claims for patent infringement are identical" for purposes of claim preclusion is a

question of Federal Circuit law. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir.

2008). Under Federal Circuit law, "two claims for patent infringement do not arise from the

same transactional facts unless the accused devices in each claim are 'essentially the same.'" *Id.*

at 1326 (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991)). "Accused devices are 'essentially the same' where the differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent." *Id.* at 1324 (quoting *Foster*, 947 F.2d at 480). "[T]he party asserting claim preclusion has the burden of showing that the accused devices are essentially the same." *Id.*

To the extent the New Complaint includes new theories of infringement, if any, with respect to the same patents and the same accused products already at issue in the Texas Action and the Illinois Action, this court finds the new claims to be barred by the doctrine of claim splitting. Because the accused products are *exactly* the same in this scenario, these claims arise from the same transactional facts and cannot be brought in a separate lawsuit between the same two parties. *Compare Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009) (barring new infringement theory in second lawsuit because accused products in both lawsuits are "materially identical").

On the other hand, Tellabs has not satisfied its burden of "showing" that the newly-accused products in this lawsuit are "essentially the same" as the products accused in the Texas Action and the Illinois Action. *Acumed*, 525 F.3d at 1324. In fact, Tellabs takes the position that "there are differences, for purposes of infringement, between the products in the original lawsuit and the products accused in Fujitsu's new lawsuit." (Dkt. No. 15 ("Tellabs' Reply") at 8, n.3.) At this stage of the litigation, especially in light of Tellabs' stated position as the moving party and the lack of a factual record before the court, this court cannot conclude that the newly-accused products in the New Complaint and the already-accused products in the prior litigation are, in fact, "essentially the same" for purposes of claim preclusion. Accordingly, dismissal on

6

the grounds of claim splitting is not appropriate at this time.

This court is not persuaded by Tellabs' citations to the district court opinions in *Kim*, *CIVIX-DDI*, *American Stock Exchange*, and *Orion IP, LLC v. Home Depot USA, Inc.*, No. 2:05-CV-306, 2005 U.S. Dist. LEXIS 45632 (E.D. Texas Oct. 7, 2005) (Davis, J.), all of which pre-date *Acumed* and none of which cite *Foster*. Nor is the court persuaded that the reason for a party's failure to include certain claims or products in an earlier patent infringement lawsuit has any bearing on whether two patent infringement claims are the same for purposes of claim preclusion. The Federal Circuit has clearly stated, "[w]ith respect to patent litigation, we are unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit." *Acumed*, 525 F.3d at 1324 (quoting *Young Engineers, Inc. v. U.S. Int'l Trade Comms'n*, 721 F.2d 1305, 1316 (Fed. Cir. 1983)). Accordingly, Tellabs' motion to dismiss the New Complaint's infringement allegations against newly-accused products based on the doctrine of claim splitting is denied subject to further review.

2.    *Duplicative Lawsuit*

Similarly, this court is unconvinced by Tellabs' argument that the New Complaint must be rejected as duplicative of the pending infringement contentions in the Texas Action and the Illinois Action. Tellabs is correct in asserting that this court may, in the interest of "wise judicial administration," dismiss a lawsuit with the same "claims, parties, and available relief" as an already-pending lawsuit, *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted), but that is not the case here. Although Fujitsu Limited's New Complaint alleges infringement of the same patents, the allegations of the New Complaint against newly-

7

accused products constitute different allegations than those asserted in the Texas Action and the Illinois Action, as explained above. Accordingly, this court finds that the New Complaint is not duplicative of the two prior lawsuits.

3.      *Impermissible Collateral Attack*

The court also is unconvinced by Tellabs' argument that Fujitsu Limited's New Complaint is an impermissible collateral attack on earlier court orders denying Fujitsu Limited leave to amend its infringement contentions in the Texas Action and the Illinois Action. This court has ruled only that Fujitsu Limited could not amend the July 2008 Infringement Contentions at issue in the Texas Action and the November 2008 Infringement Contentions at issue in the Illinois Action. The court did *not* rule that Fujitsu Limited was forever barred from suing Tellabs for infringement based on newly-accused products. In short, there is no implicit or explicit conflict between the court's earlier opinions and the allegations of Fujitsu Limited's New Complaint.

The court acknowledges its previous statements regarding potential prejudice to Tellabs: that "[t]he identification of new accused products that previously were not at issue in this case creates the very likely possibility that Tellabs will have to once again perform extensive (and costly) searches and reviews of electronically stored information and re-depose witnesses" and that "[i]ntroducing additional Tellabs products . . . into the litigation at this late stage, after Tellabs has committed to its claim construction positions, would be highly prejudicial." (Dkt. No. 377 at 3-4.) The balance of potential harms, however, was different at the time of the court's statements. As Magistrate Judge John D. Love from the Eastern District of Texas noted in similar circumstances, "In its decision in the '07 suit, the Court did not evaluate prejudice to

8

the parties in the context of [the patent owner] being precluded from filing a subsequent lawsuit.

. . . Clearly, it would have more severely prejudiced [the patent owner] to preclude it from *ever*

seeking relief based on the additional products." *Davis-Lunch, Inc. v. Hilcorp Energy Co.*, No.

6:09-CV-168, 2009 U.S. Dist. LEXIS 125393, at *8-9 (E.D. Texas Nov. 18, 2009) (Love, M.J.)

(emphasis in original).

Although it would have been more cost-effective for both parties to litigate all related

patents and all related products together at the same time, unless the accused products are

"essentially the same," Fujitsu Limited was not obligated to litigate all of its potential

infringement contentions against Tellabs at once. *See Acumed*, 525 F.3d at 1326 ("the Supreme

Court explained as early as 1876 that claim preclusion does not bar a claim merely because it

could have been raised in a prior action between the parties . . . ."); *see also* Part 4 (below). The

court therefore concludes that Fujitsu Limited's New Complaint is not an impermissible

collateral attack on earlier court orders in the Texas Action and the Illinois Action.

4.    *Compulsory Counterclaims*

Finally, the court is unconvinced by Tellabs' argument that Fujitsu Limited's

infringement claims against the newly-accused products were compulsory counterclaims in the

prior litigation under Federal Rule of Civil Procedure 13(a). Rule 13(a) states, in relevant part,

"[a] pleading must state as a counterclaim any claim that . . . the pleader has against an opposing

party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the

opposing party's claim." Fed. R. Civ. P. 13(a). As analyzed above, this court believes that

Fujitsu Limited's infringement contentions against the newly-accused products do not arise out

of the same transaction or occurrence as the infringement allegations asserted in the Texas

Action and the Illinois Action.

Tellabs argues that, pursuant to Rule 13(a), Tellabs' counterclaims seeking declaratory judgments of non-infringement in the Texas Action and Illinois Action nevertheless put at issue any infringement allegations Fujitsu Limited might have had against Tellabs with respect to the four patents-in-suit—including Fujitsu Limited's claims regarding the newly-accused products. Respectfully, this court disagrees. Tellabs cites to *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003), for the proposition that "Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory." (Tellabs' Mot. at 10.) As recognized by District Judge Ronald M. Whyte from the Northern District of California, however, *Polymer Industrial* "involved the narrow factual circumstances of explicit declaratory judgment actions specifying the allegedly non-infringing technology or product." *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905 RMW, No. C-05-02298 RMW, No. C-05-00334 RMW, No. C-06-00244 RMW, 2007 U.S. Dist. LEXIS 97677, at *27 (N.D. Cal. Nov. 15, 2007) (Whyte, J.); *see also Polymer Indus.*, 347 F.3d at 937 ("Thus, PIPCOs affirmative claim of patent infringement in the prior litigation involving the same patent *and the same accused product* was compulsory.") (emphasis added). In this case, by contrast, Tellabs' non-infringement counterclaims are general in nature. (*See* 08 C 3379, Dkt. No. 407 ("Tellabs' Counterclaims") ¶ 21 ('681 Patent); 09 C 4530, Dkt. No. 441 ("Tellabs' Counterclaims") ¶¶ 18 ('163 Patent), 20 ('737 Patent), 22 ('418 Patent).) This court agrees with Judgy Whyte that *Polymer Industrial* is therefore distinguishable. *See Hynix*, 2007 U.S. Dist. LEXIS 97677, at *30 (concluding "a *general* declaratory claim that a party does not infringe a patent does not necessarily give rise to a compulsory counterclaim for patent infringement");

*accord The Coca-Cola Co. v. Pepsi-Cola Co.*, 500 F. Supp. 2d 1364, 1376 (N.D. Ga. 2007) (Story, J.) ("If the party seeking a declaration of non-infringement does not affirmatively state which products it is requesting the court to declare as non-infringing, then it does not follow that a counterclaim concerning any number of previously unmentioned products raises the *same* issues of law and fact and requires the *same* evidence as those products which are already at issue in the litigation.") (emphases in original); *but see Kim*, 412 F. Supp. 2d at 936-37 (concluding that "the same set of a putative infringer's products . . .were put at issue" when the defendant "broadly counterclaimed for a declaratory judgment of noninfringement"). Accordingly, this court finds that Rule 13(a) imposed no additional obligation on Fujitsu Limited in the Texas Action and the Illinois Action to allege in response to Tellabs' general declaratory judgment counterclaims Fujitsu Limited's infringement claims regarding the newly-accused products.

<u>CONCLUSION</u>

For the reasons set forth above, "Tellabs Operations, Inc., Tellabs North America, Inc., and Tellabs, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. No. 9) is granted in part and denied in part. To the extent Fujitsu Limited raises new theories of infringement, if any, based on the same patents and the same accused products asserted in Case No. 08 C 3379 and Case No. 09 C 4530, the court finds these claims to be barred by the doctrine of claim splitting. To the extent Fujitsu Limited alleges infringement contentions against newly-accused products, the court denies Tellabs' motion to dismiss.

This litigation has been and will continue to be expensive to litigate. Therefore, the parties are once again encouraged to pause and discuss settlement. Status hearing set for 2/19/13

at 9:00 a.m., at which time counsel should be prepared to report on the progress of any

settlement discussions and the need, if any, to schedule discovery dates in Case No. 12 C 3229.


ENTER:


JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: January 30, 2013

12