IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>        PLAINTIFF,<br><br>V.<br><br>TELLABS, INC., TELLABS OPERATIONS, INC. AND TELLABS NORTH AMERICA, INC.<br><br>        DEFENDANTS. | CIVIL ACTION NO. 1:12-CV-03229<br><br>JUDGE JAMES F. HOLDERMAN<br><br>JURY TRIAL DEMANDED |

**FUJITSU LIMITED'S AND FUJITSU NETWORK COMMUNICATIONS'
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
TELLABS' TRADE SECRET MISAPPROPRIATION COUNTERCLAIM
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**[<u>PUBLIC REDACTED VERSION</u>]**

Nearly four years after learning of the relevant facts, Tellabs Operations, Inc., Tellabs North America, Inc., and Tellabs, Inc. (collectively hereinafter, "Tellabs") assert a trade secret misappropriation counterclaim against Fujitsu Limited and Fujitsu Network Communications ("FNC") (collectively hereinafter, "the Fujitsu parties"). Tellabs' belated counterclaim, however, falls woefully short of alleging sufficient facts to state a claim for trade secret misappropriation under either Texas or Illinois trade secret law. Rather, Tellabs' trade secret counterclaim is a thinly veiled attempt to smear the Fujitsu parties by injecting wholly irrelevant facts into this case. This Court should not entertain such legally groundless and irresponsible accusations. Accordingly, Tellabs' counterclaim for misappropriation of trade secrets should be dismissed.

**I.     BACKGROUND**

On May 1, 2013, Tellabs filed its Answer and Counterclaims to Fujitsu Limited's Complaint for Patent Infringement ("Answer"),[1] in which Tellabs asserted a Misappropriation of Trade Secrets Counterclaim ("Trade Secret Counterclaim") against the Fujitsu parties. Answer at 35-44. Tellabs' Trade Secret Counterclaim is based on three sets of factual allegations. *Id*.

*First*, ███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████.

*Second*, ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

---

[1] Defendants Tellabs, Inc.'s, Tellabs Operations Inc.'s and Tellabs North America, Inc.'s Answer to Plaintiff Fujitsu Limited's Complaint for Patent Infringement and Counterclaims Against Plaintiff Fujitsu Limited and Fujitsu Network Communications, Inc., Dkt. #54.

███████████████████████████████████████████████████

███. *Id.*

*Third*, ████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████. *Id.*

All of Tellabs' factual allegations, even if true, fall short of meeting the legal elements of a trade secret misappropriation claim. Through this Motion, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Fujitsu parties thus respectfully request that Tellabs' Trade Secret Counterclaim be dismissed for failure to state a cause of action upon which relief can be granted.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). To meet this plausibility requirement, a plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

A court must dismiss a claim when there is a "lack of a cognizable legal theory" or "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . ." *Iqbal*, 556 U.S. at 678. If there is insufficient factual content set forth in the complaint to state a claim after the court "correctly disregard[s plaintiff's] legal conclusions," then the complaint fails to pass muster under Rule 8 and should be dismissed at the pleading stage. *See Golod v. Bank of Am. Corp.*, 403 F. Appx. 699, 702-03 (3d. Cir. 2010); *see also Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks and citation omitted).

**III.   ARGUMENT**

    **A.   Texas Law Governs Tellabs' Trade Secret Counterclaim Because the Fujitsu Parties' Alleged Actions Occurred in Texas.**

As a preliminary matter, Texas law should be applied to Tellabs' trade secret misappropriation because Texas is both the state where the alleged misappropriation took place and where the Fujitsu parties allegedly obtained the primary benefit of their misappropriation. A district court asserting diversity jurisdiction must apply the choice-of-law principles of the forum state to determine which state's substantive law is applicable. *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 879 (7th Cir. 2004). "Under Illinois trade secrets law, courts must apply the law of the state where the alleged wrong took place or where the benefit was obtained, which is typically the defendant's principal place of business." *C.H. Robinson Worldwide, Inc. v. Command Transp. LLC*, No. 05 C 3401, 2005 WL 3077998, at *5 (N.D. Ill. Nov. 16, 2005); *see Salton,* 391 F.3d at 878 (stating the same); *Cognis Corp. v. CHEMCENTRAL Corp.*, 430 F. Supp. 2d 806, 811 (N.D. Ill. 2006) ("Under Illinois law, a

4

misappropriation claim is subject to either the law of the defendant's principle place of business or the law of the state where the misappropriation took place.").

It is undisputed, and Tellabs expressly states in its pleading, that FNC's principal place of business is in Richardson, Texas. Answer at 33. ████████████████████████████████████████████████████████████████████████. Under Illinois law, a court regards the principal place of business as the location where the defendant benefitted from its misappropriation, and should thus apply Texas law to Tellabs' Trade Secret Counterclaim. *See Wilson v. Electro Marine Sys.*, 915 F.2d 1110, 1115 (7th Cir. 1990) (applying New York law where defendant's principal place of business was in New York and where defendant "would have obtained any benefit there.")

███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████. Importantly, ████████████████████████████████

████████████████, Tellabs does not allege a single instance of misconduct relating to its

5

Trade Secret Counterclaim occurring outside of Texas. Accordingly, Illinois choice-of-law rules dictate that Texas law governs Tellabs' Trade Secret Counterclaim.[2]

### B. Tellabs' Trade Secret Counterclaim Fails To State a Claim Upon Which Relief May Be Granted and Must Be Dismissed.

For each of the three occurrences where Tellabs alleges the Fujitsu Parties have misappropriated trade secrets, Tellabs has failed to plead sufficient facts to state a claim under Fed. Rule Civ. P. 12(b)(6). Under Texas law, a misappropriation of trade secrets claim requires: (1) the existence of a trade secret; (2) that the trade secret was acquired through breach of confidential relationship or discovered by improper means; (3) the use of the trade secret; and (4) damages. *Daniel Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 583

---

[2] In the alternative, should the Court find that Illinois law applies, Tellabs' pleadings would also fail to state a claim under the Illinois Trade Secrets Act (765 ILCS 1065/1 *et seq.*). The statute defines "improper means" and "misappropriation" as follows:

> (a) "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, or espionage through electronic or other means. Reverse engineering or independent development shall not be considered improper means.
> (b) "Misappropriation" means:
> (1) acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means; or
> (2) disclosure or use of a trade secret of a person without express or implied consent by another person who:
> > (A) used improper means to acquire knowledge of the trade secret; or
> > (B) at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was:
> > > (I) derived from or through a person who utilized improper means to acquire it;
> > > (II) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
> > > (III) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
> > (C) before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

765 ILCS 1065/2. For the same reasons set forth in this Motion, Tellabs' Trade Secret Counterclaim may also be dismissed under Illinois law.

(5th Cir. 2013) (citing *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.,* 932 F.2d 1113, 1123 (5th Cir. 1991), *aff'd,* 505 U.S. 763 (1992)).

1. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████. No cause of action for trade secret misappropriation has accrued ██████████████████, since Tellabs fails to plead any of the requisite elements of (1) the existence of a trade secret; (2) the trade secret was acquired through breach of confidential relationship or discovered by improper means; (3) the use of the trade secret; and (4) damages. *Daniel Health Sciences, L.L.C.*, 710 F.3d at 583. Tellabs' CIC allegations thus cannot form the basis for a trade secret misappropriation cause of action. *Cf. Dresser-Rand Co. v. Schutte & Koerting Acquisition Co.*, WL 460275, at *8 (S.D. Tex. Feb. 13, 2012) (holding that there was neither improper discovery nor use of a trade secret where defendant hired plaintiff's former employees who copied files from plaintiff, but where defendant itself did not obtain these files).

2. ███████████████████████████████████
███████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

7

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████. *See* Restatement 3d of Unfair Competition, § 43 ("A person who obtains a trade secret by inducing or knowingly accepting a disclosure from a third person who has acquired the secret *by improper means*, or who induces or knowingly accepts a disclosure from a third person that is *in breach of a duty of confidence* owed by the third person to the trade secret owner, also acquires the secret by improper means.") (emphases added). ████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████. *See Gaia Techs. Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 377 (5th Cir. 1999) (reversing lower court's finding of misappropriation and holding that there can be no misappropriation where plaintiff "presents no evidence of a confidential relationship between it and the … defendant[] …"); *Hollomon v. O. Mustad & Sons (USA), Inc.*, 196 F. Supp. 2d 450, 459 (E.D. Tex. 2002) (granting summary judgment to defendant on trade secret misappropriation claim "[b]ecause the court finds no confidential relationship existed between the parties").

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████ ████

████████████████████████████████.[4]

---

[3] ███████████████████████████████████████████
███████████████████████████████████████████

[4] ███████████████████████████████████████████
███████████████████████████████████████████

8

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████.

**3.** ████████████████████████████████:

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

████████████████████████ *See Joe N. Pratt Ins. v. Doane*, No. V-07-07, 2009 WL 3157337, at *9 (S.D. Tex. Sept. 25, 2009) ("Improper means of acquiring another's trade secrets include theft, fraud, unauthorized interception of communications, inducement of or knowing participation in a breach of confidence, and other means either wrongful in themselves or wrongful under the circumstances of the case."). ████████████████████████████████████████████████████████████████ *See Gaia Techs., Inc.*, 175 F.3d at 376-77 (reversing the lower court's finding of misappropriation and holding that plaintiff's reliance on the existence of defendant's brochure advertising the same

███████████████████████████████████████
████████████

technology was not evidence of improper acquisition). ███████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████. There is insufficient factual content to sustain Tellabs' claim once its legal conclusions are "correctly disregard[ed]" by the Court. *Golod*, 403 F. Appx. at 702-03; *see also Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks and citation omitted). Accordingly, Tellabs' Trade Secret Counterclaim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Fujitsu parties respectfully request that the Court grant their motion and dismiss Tellabs' Trade Secret Counterclaim.

Dated: June 18, 2013                        */s/ David C. Van Dyke*
                                            _____

                                            David C. Van Dyke (#6204705)
                                            Howard & Howard
                                            200 South Michigan Ave. Suite 1100
                                            Chicago, IL 60604
                                            Telephone: (312) 456-3641
                                            Facsimile: (312) 939-5617
                                            Email: dvandyke@h2law.com

                                            James C. Brooks
                                            Alyssa Caridis
                                            Michael Owens
                                            Orrick, Herrington & Sutcliffe, LLP
                                            777 South Figueroa Street, Suite 3200
                                            Los Angeles, CA 90017-5855
                                            Telephone: (213) 629-2020
                                            Facsimile: (213) 612-2499
                                            Email:  jbrooks@orrick.com
                                            Email:  acaridis@orrick.com
                                            Email:  mowens@orrick.com

                                            David E. Wang
                                            Orrick, Herrington & Sutcliffe, LLP
                                            1000 Marsh Road
                                            Menlo Park, CA 94025-1015
                                            Telephone: (650) 614-7400
                                            Facsimile: (650) 614-7401
                                            Email:  dwang@orrick.com

                                            Mark P. Wine//Thomas S. McConville
                                            Mark J. Shean//Glen Liu
                                            Gino Cheng
                                            Orrick, Herrington & Sutcliffe, LLP
                                            2050 Main Street, Suite 1100
                                            Irvine, CA 92614
                                            Telephone: (949) 567-6700
                                            Facsimile: (949) 567-6710
                                            Email:  mwine@orrick.com
                                            Email:  tmcconville@orrick.com
                                            Email:  mshean@orrick.com
                                            Email:  gliu@orrick.com
                                            Email:  gcheng@orrick.com

                                            *Attorneys for* **FUJITSU LIMITED**