IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 12 CV 03229 |
| | ) | |
| TELLABS, INC. | ) | Judge James F. Holderman |
| TELLABS OPERATIONS, INC. AND | ) | |
| TELLABS NORTH AMERICA, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| TELLABS, INC. | ) | |
| TELLABS OPERATIONS, INC. AND | ) | |
| TELLABS NORTH AMERICA, INC., | ) | |
| | ) | |
| Counter-Claim Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FUJITSU LIMITED, | ) | |
| FUJITSU NETWORK COMMUNICATIONS, INC. | ) | |
| | ) | |
| Counter-Claim Defendants. | ) | |
| _____ | | |

**FUJITSU LIMITED'S AND FUJITSU NETWORK
COMMUNICATION, INC.'S ANSWER TO COUNTERCLAIMS OF
TELLABS, INC., TELLABS OPERATIONS, INC., AND
TELLABS NORTH AMERICA, INC. AND COUNTERCLAIMS-IN-REPLY**

**[PUBLIC REDACTED VERSION]**

Fujitsu Limited and Fujitsu Network Communications, Inc. ("FNC") (collectively,

"Fujitsu") hereby respond to the Counterclaims of Tellabs, Inc., Tellabs Operations, Inc., and

Tellabs North America, Inc. (collectively, "Tellabs") as follows:

**PART II: COUNTERCLAIMS BY TELLABS OPERATIONS INC. AGAINST PLAINTIFF FUJITSU LIMITED AND JOINED CLAIMS OF TELLABS OPERATIONS, INC. AGAINST FUJITSU NETWORK COMMUNICATIONS, INC.**

## PARTIES

1.      Fujitsu admits the allegations in Paragraph 1.

2.      Fujitsu admits the allegations in Paragraph 2.

3.      Fujitsu admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      Fujitsu admits the allegations in Paragraph 4.

5.      Fujitsu admits that the Court has personal jurisdiction over Fujitsu Limited with respect to the Counterclaims.  Fujitsu otherwise denies the allegations in Paragraph 5.

6.      Fujitsu admits that the Court has personal jurisdiction over FNC with respect to the Counterclaims.  Fujitsu otherwise denies the allegations in Paragraph 6.

7.      Fujitsu admits the allegations in Paragraph 7.

## FIRST CLAIM

### (*Infringement of U.S. Patent No. 6,285,480*)

8.      In response to Paragraph 8, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-7 (Part II), above.

9.      Fujitsu admits that what appears to be a true and correct copy of the '480 patent is attached to the Counterclaims as Exhibit A.  On information and belief, Fujitsu denies that the '480 patent was duly and legally issued by the United States Patent and Trademark Office on September 4, 2001.  Fujitsu lacks knowledge or information sufficient to form a belief as truth of the remaining allegations in Paragraph 9, and, on that basis, denies said allegations.

10.      Fujitsu denies the allegations in Paragraph 10.

11.      Fujitsu denies the allegations in Paragraph 11.

2

12.     Fujitsu denies the allegations in Paragraph 12.

13.     Fujitsu denies the allegations in Paragraph 13.

14.     Fujitsu denies the allegations in Paragraph 14.

15.     Fujitsu denies the allegations in Paragraph 15.

16.     Fujitsu denies the allegations in Paragraph 16.

17.     Fujitsu denies the allegations in Paragraph 17.

18.     Fujitsu denies the allegations in Paragraph 18.

## SECOND CLAIM

### (*Infringement of U.S. Patent No. 7,103,063*)

19.     In response to Paragraph 19, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-7 (Part II), above.

20.     Fujitsu admits that what appears to be a true and correct copy of the '063 patent is attached to the Counterclaims as Exhibit B.  On information and belief, Fujitsu denies that the '063 patent was duly and legally issued by the United States Patent and Trademark Office on September 5, 2006.  Fujitsu lacks knowledge or information sufficient to form a belief as truth of the remaining allegations in Paragraph 20, and, on that basis, denies said allegations.

21.     Fujitsu denies the allegations in Paragraph 21.

22.     Fujitsu denies the allegations in Paragraph 22.

23.     Fujitsu denies the allegations in Paragraph 23.

24.     Fujitsu denies the allegations in Paragraph 24.

25.     Fujitsu denies the allegations in Paragraph 25.

26.     Fujitsu denies the allegations in Paragraph 26.

27.     Fujitsu denies the allegations in Paragraph 27.

28.     Fujitsu denies the allegations in Paragraph 28.

29.     Fujitsu denies the allegations in Paragraph 29.

## PART III: COUNTERCLAIMS BY TELLABS, INC., TELLABS OPERATIONS INC., AND TELLABS NORTH AMERICA, INC. AGAINST PLAINTIFF FUJITSU LIMITED AND JOINED CLAIMS AGAINST FUJITSU NETWORK COMMUNICATIONS, INC.

### PARTIES

1.     Fujitsu admits the allegations in Paragraph 1.

2.     Fujitsu admits the allegations in Paragraph 2.

3.     Fujitsu admits the allegations in Paragraph 3.

4.     Fujitsu admits the allegations in Paragraph 4.

5.     Fujitsu admits the allegations in Paragraph 5.

### JURISDICTION AND VENUE

6.     Fujitsu admits that the Court has subject matter jurisdiction over the Counterclaims.  Fujitsu lacks knowledge or information sufficient to form a belief as truth of the remaining allegations in Paragraph 6, and, on that basis, denies said allegations.

7.     Fujitsu admits the allegations of Paragraph 7.

8.     Fujitsu admits that FNC is subject to personal jurisdiction in this judicial district. Fujitsu denies that FNC has committed tortious acts against Tellabs.

9.     Fujitsu admits the allegations of Paragraph 9.

### FIRST CLAIM

#### (*Misappropriation of Trade Secrets*)

10.     In response to Paragraph 10, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-9, above.

11.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 11.

4

12.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 12.

13.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 13.

14.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 14.

15.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 15.

16.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 16.

17.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 17.

18.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6). Fujitsu therefore denies the allegations in Paragraph 18.

19.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 19.

20.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 20.

21.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 21.

22.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 22.

23.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 23.

24.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 24.

25.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 25.

26.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 26.

27.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 27.

28.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 28.

29.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 29.

30.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 30.

31.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 31.

32.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs'
Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).   Fujitsu
therefore denies the allegations in Paragraph 32.

33.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 33.

34.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 34.

35.     Fujitsu is filing, concurrently with this Answer, a Motion to Dismiss Tellabs' Trade Secret Misappropriation Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6).  Fujitsu therefore denies the allegations in Paragraph 35.

## SECOND CLAIM

### (*Business Disparagement and Defamation*)

36.     In response to Paragraph 36, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-9 (Part III), above.

37.     Fujitsu denies the allegations of Paragraph 37.

38.     Fujitsu denies the allegations of Paragraph 38.

39.     Fujitsu denies the allegations of Paragraph 39.

40.     Fujitsu denies the allegations of Paragraph 40.

41.     Fujitsu denies the allegations of Paragraph 41.

42.     Fujitsu denies the allegations of Paragraph 42.

43.     Fujitsu denies the allegations of Paragraph 43.

## THIRD CLAIM

### (*Unfair Competition*)

44.     In response to Paragraph 44, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-9 (Part III), above.

45.     Fujitsu denies the allegations of Paragraph 45.

46.     Fujitsu admits that FNC markets, offers to sell, and sells telecommunications equipment, including optical amplifiers, in the United States that are designed and made by Fujitsu Limited in Japan.  Fujitsu denies the remaining allegations of Paragraph 46.

47.     Fujitsu admits the allegations of Paragraph 47.

48.     ████████████████████████████████████████████

████████████████  Fujitsu denies the remaining allegations in Paragraph 48.

49.     ████████████████████████████████████████████

Fujitsu denies the remaining allegations in Paragraph 49.

50.     Fujitsu lacks knowledge or information sufficient to form a belief as truth of the allegations in Paragraph 50, and, on that basis, denies said allegations.

51.     Fujitsu lacks knowledge or information sufficient to form a belief as truth of the allegations in Paragraph 51, and, on that basis, denies said allegations.

52.     ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Fujitsu denies Paragraph 52 in all other respects.

53.     Fujitsu denies the allegations in Paragraph 53.

9

54.    Fujitsu denies the allegations in Paragraph 54.

55.    Fujitsu denies the allegations in Paragraph 55.

56.    ███████████████████████████ Fujitsu denies the remaining allegations of Paragraph 56.

57.    Fujitsu lacks knowledge or information sufficient to form a belief as truth of the allegations in Paragraph 57, and, on that basis, denies said allegations.

58.    ████████████████████████████████████████████████████. Fujitsu denies the remaining allegations of Paragraph 58.

59.    ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████ Fujitsu lacks knowledge or information sufficient to form a belief as truth of the remaining allegations in Paragraph 59, and, on that basis, denies said allegations.

60.    ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████ Fujitsu lacks knowledge or information sufficient to form a belief as truth of the remaining allegations in Paragraph 60, and, on that basis, denies said allegations.

61.    ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ Fujitsu denies the remaining allegations of Paragraph 61.

62.    Fujitsu admits the allegations of Paragraph 62.

63.     Fujitsu lacks knowledge or information sufficient to form a belief as truth of the allegations in Paragraph 63, and, on that basis, denies said allegations.

64.     Fujitsu denies the allegations of Paragraph 64.

65.     Fujitsu denies the allegations of Paragraph 65.

66.     Fujitsu admits that Paragraph 66 correctly quotes from portions of the docket in related cases.  Fujitsu denies the remaining allegations of Paragraph 66.

67.     Fujitsu denies the allegations of Paragraph 67.

68.     Fujitsu denies the allegations of Paragraph 68.

69.     Fujitsu denies the allegations of Paragraph 69.

70.     Fujitsu denies the allegations of Paragraph 70.

71.     Fujitsu denies the allegations of Paragraph 71.

72.     Fujitsu denies the allegations of Paragraph 72.

73.     Fujitsu denies the allegations of Paragraph 73.

74.     Fujitsu denies the allegations of Paragraph 74.

75.     Fujitsu denies the allegations of Paragraph 75.

76.     Fujitsu denies the allegations of Paragraph 76.


## FOURTH CLAIM

### (*Inducing, Aiding, and Abetting Unfair Competition by FNC*)

77.     In response to Paragraph 77, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-9 (Part III), above.

78.     In response to Paragraph 78, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 44-76 (Part III), above.

79.     Fujitsu denies the allegations of Paragraph 79.

80.    Fujitsu denies the allegations of Paragraph 80.

81.    Fujitsu denies the allegations of Paragraph 81.

82.    Fujitsu denies the allegations of Paragraph 82.


## FIFTH CLAIM

### (*Tortious Interference with Contractual and Prospective Business Relations*)

83.    In response to Paragraph 83, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-9 (Part III), above.

84.    In response to Paragraph 84, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 10-35 (Part III), above.

85.    In response to Paragraph 85, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 36-43 (Part III), above.

86.    In response to Paragraph 86, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 44-76 (Part III), above.

87.    In response to Paragraph 87, Fujitsu re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 77-82 (Part III), above.

88.    Fujitsu denies the allegations of Paragraph 88.

89.    Fujitsu denies the allegations of Paragraph 89.

90.    Fujitsu denies the allegations of Paragraph 90.

91.    Fujitsu denies the allegations of Paragraph 91.

92.    Fujitsu denies the allegations of Paragraph 92.

93.    Fujitsu denies the allegations of Paragraph 93.

**PART IV: COUNTERCLAIMS BY TELLABS, INC., TELLABS OPERATIONS INC., AND TELLABS NORTH AMERICA, INC. AGAINST PLAINTIFF FUJITSU LIMITED**

1.      Fujitsu Limited admits the allegations in Paragraph 1.

2.      Fujitsu Limited admits the allegations in Paragraph 2.

3.      Fujitsu Limited admits the allegations in Paragraph 3.

4.      Fujitsu Limited admits the allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5.      Fujitsu Limited admits that the Court has subject matter jurisdiction over the Counterclaims.

6.      Fujitsu Limited admits the allegations of Paragraph 6.

**FIRST COUNTERCLAIM**

(*Invalidity of the '681 Patent*)

7.      In response to Paragraph 7, Fujitsu Limited re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-6 (Part IV), above.

8.      Fujitsu Limited admits the allegations in Paragraph 8.

9.      Fujitsu Limited admits that Tellabs has asserted that the '681 patent is invalid.

10.      Fujitsu Limited admits the allegations in Paragraph 10.

**SECOND COUNTERCLAIM**

(*Non-infringement of the '681 Patent*)

11.      In response to Paragraph 11, Fujitsu Limited re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-10 (Part IV), above.

12.      Fujitsu Limited admits the allegations in Paragraph 12.

13.      Fujitsu Limited admits the allegations in Paragraph 13.

14.    Fujitsu Limited admits that Tellabs has denied that Tellabs infringes the '681 patent.

15.    Fujitsu Limited admits the allegations in Paragraph 15.

## THIRD COUNTERCLAIM

### (*Invalidity of the '737 Patent*)

16.    In response to Paragraph 16, Fujitsu Limited re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-15 (Part IV), above.

17.    Fujitsu Limited admits the allegations in Paragraph 17.

18.    Fujitsu Limited admits that Tellabs has asserted that the '737 patent is invalid.

19.    Fujitsu Limited admits the allegations in Paragraph 19.

## FOURTH COUNTERCLAIM

### (*Non-infringement of the '737 Patent*)

20.    In response to Paragraph 20, Fujitsu Limited re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-19 (Part IV), above.

21.    Fujitsu Limited admits the allegations in Paragraph 21.

22.    Fujitsu Limited admits the allegations in Paragraph 22.

23.    Fujitsu Limited admits that Tellabs has denied that Tellabs infringes the '737 patent.

24.    Fujitsu Limited admits the allegations in Paragraph 24.

## FIFTH COUNTERCLAIM

### (*Invalidity of the '163 Patent*)

25.    In response to Paragraph 25, Fujitsu Limited re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-24 (Part IV), above.

14

26.     Fujitsu Limited admits the allegations in Paragraph 26.

27.     Fujitsu Limited admits that Tellabs has asserted that the '163 patent is invalid.

28.     Fujitsu Limited admits the allegations in Paragraph 28.

## SIXTH COUNTERCLAIM

### (*Non-infringement of the '163 Patent*)

29.     In response to Paragraph 29, Fujitsu Limited re-alleges and incorporates by reference the objections and responses set forth in Paragraphs 1-28 (Part IV), above.

30.     Fujitsu Limited admits the allegations in Paragraph 30.

31.     Fujitsu Limited admits the allegations in Paragraph 31.

32.     Fujitsu Limited admits that Tellabs has denied that Tellabs infringes the '163 patent.

33.     Fujitsu Limited admits the allegations in Paragraph 33.

## AFFIRMATIVE DEFENSES

Fujitsu further asserts the following defenses:

### FIRST DEFENSE

### (*Failure to State a Claim for Relief*)

1.     As a defense to the Counterclaims and to each claim for relief therein, Fujitsu alleges that the Tellabs fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (*Non-Infringement of the '480 Patent*)

2.     On information and belief, Fujitsu has not and is not infringing the '480 patent, and has not contributed to or induced the infringement of the '480 patent by anyone else.

## THIRD DEFENSE

### (*Invalidity of the '480 Patent*)

3.      On information and belief, the '480 patent is invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

### (*Prosecution History Estoppel related to the '480 Patent*)

4.      On information and belief, Tellabs is estopped by representations or actions taken during the prosecution of the '480 patent under the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

### (*Non-Infringement of the '063 Patent*)

5.      On information and belief, Fujitsu has not and is not infringing the '063 patent, and has not contributed to or induced the infringement of the '063 patent by anyone else.

## SIXTH DEFENSE

### (*Invalidity of the '063 Patent*)

6.      On information and belief, the '063 patent is invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## SEVENTH DEFENSE

### (*Prosecution History Estoppel related to the '063 Patent*)

7.      On information and belief, Tellabs is estopped by representations or actions taken during the prosecution of the '063 patent under the doctrine of prosecution history estoppel.

## EIGHTH DEFENSE

### (*35 U.S.C. § 287*)

8.      On information and belief, Tellabs' claims for damages, if any, are limited by 35 U.S.C. §287.

## NINTH DEFENSE

### (*35 U.S.C. § 286*)

9.      On information and belief, Tellabs' claims for damages, if any, are limited by 35 U.S.C. §286.

## TENTH DEFENSE

### (*Laches*)

10.      On information and belief, Tellabs' claims are barred by laches.

## ELEVENTH DEFENSE

### (*Equitable Estoppel/Unclean Hands*)

11.      Fujitsu alleges that one or more of the causes of action alleged in the Counterclaims are barred by or limited by the doctrines of equitable estoppels and/or unclean hands, as demonstrated by the following exemplary facts:

12.      Tellabs has engaged in a long and continuous pattern of unfair competition against its competitors in the field of optical networking products, including the Fujitsu Parties. In particular, Tellabs has misappropriated the proprietary information, confidential business information and trade secrets of the Fujitsu Parties, including but not limited to Fujitsu confidential price lists, confidential and proprietary product guides, and confidential and proprietary technical information regarding the design and operation of the Fujitsu Parties' optical amplifiers and other "yet-to-be-released" products, which are designed and marketed as

17

part of the Fujitsu FLASHWAVE® 9500 Packet Optical Transport Platform ("P-OTP"). On information and belief, Tellabs has also induced, encouraged, assisted, aided, abetted, participated in, and/or materially supported the misappropriation of the Fujitsu Parties' trade secrets, proprietary information, and confidential business information.

**The Verizon Packet OTP Request for Proposal (2008)**

13. Fujitsu Limited designs and manufactures optical amplifiers that are marketed and sold by FNC in the United States. In June 2008, Verizon announced that it had selected the Fujitsu FLASHWAVE® 9500 platform for deployment as a result of the Verizon Packet OTP Request for Proposal ("RFP") process. The Fujitsu FLASHWAVE® 9500 platform was selected by Verizon to enhance Verizon's metropolitan optical transport infrastructure within the United States markets to facilitate deployment of services to Verizon's customers, including high-definition video on demand, higher-speed Internet access, and advanced voice services. The Fujitsu FLASHWAVE® 9500 P-OTP competes with the Tellabs 7100 Optical Transport Systems in the United States.

14. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████.

15. ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

16.

17.

18.

19. ███████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████.

20. ███████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████.

21. ███████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

20

22.

**The Fujitsu Parties Have Been Injured By Tellabs' Unfair Competition**

23.     On information and belief, Tellabs' pattern and practice of unfair competition has

caused the Fujitsu Parties to suffer actual losses and has unjustly enriched Tellabs. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

## **TWELFTH DEFENSE**

### (*One Who Seeks Equity Must Do Equity*)

24.     Fujitsu alleges that one or more of the causes of action alleged in the

Counterclaims are barred by reason of Tellabs' failure to do equity in the matters alleged in the

Counterclaims.  Fujitsu incorporates by reference each and every paragraph stated above under

Fujitsu's Eleventh Defense of Equitable Estoppel / Unclean Hands.

## **THIRTEENTH DEFENSE**

### (*Statute of Limitations*)

25.     Fujitsu alleges that one or more of the causes of action alleged in the

Counterclaims are barred by the applicable statutes of limitations.

26.     Defendant has insufficient knowledge or information on which to form a belief as to whether they have any additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

## FOURTEENTH DEFENSE

### (*Pre-emption and/or Supersession*)

27.     To the extent that Tellabs' non-patent counterclaims fall within the jurisdiction of Illinois state law, they are pre-empted and/or superseded, in whole or in part, by the Illinois Trade Secret Act, the Uniform Deceptive Trade Practices Act, and/or any other applicable statutes.

## FIFTEENTH DEFENSE

### (*Set-off*)

28.     Fujitsu alleges that, to the extent Tellabs is entitled to any award of damages from Fujitsu, such award should be set-off by the damages Tellabs has caused to Fujitsu.


## FUJITSU'S COUNTERCLAIMS-IN-REPLY

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Plaintiffs Fujitsu Limited and Fujitsu Network Communications Inc. ("FNC") (collectively, "Fujitsu"), for its Counterclaims-in-Reply to against Defendants Tellabs, Inc., Tellabs Operations, Inc., and Tellabs North America, Inc. (collectively, "Tellabs"), allege as follows:

### THE PARTIES

1.     Fujitsu is a corporation organized and existing under the laws of Japan and having a principal place of business at 1-1 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki-shi, Kanagawa-ken, 211-8588 Japan.

2.     FNC is a corporation organized and existing under the laws of California and having a principal place of business at 2801 Telecom Parkway, Richardson, Texas 75082.

3.     On information and belief, Defendant Tellabs, Inc. is a Delaware corporation with its principal executive offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563 and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

4.     On information and belief, Defendant Tellabs Operations, Inc. is a Delaware corporation with offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563 and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

5.     On information and belief, Defendant Tellabs North America, Inc. is a Delaware corporation with its principal executive offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563 and is doing business in the Northern District of Illinois and elsewhere in the State of Illinois.

6.     By its Counterclaims, Plaintiff Tellabs Operations has alleged that it is the owner U.S. Patent No. 6,285,480 ("the '480 patent"), that the '480 patent is valid and enforceable, that Fujitsu has infringed the '480 patent by making, offering for sale, selling, and using certain products.  On information and belief, Fujitsu denies that any of its products infringes or has infringed any claim of the '480 patent directly or indirectly, or that it has contributed to or induced the infringement of the patent by another, and contends that the '480 patent is invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 101, 102, 103 and 112. A justiciable controversy therefore exists between Tellabs and Fujitsu.

7.     By its Counterclaims, Plaintiff Tellabs Operations has alleged that it is the owner U.S. Patent No. 7,103,063 ("the '063 patent"), that the '063 patent is valid and enforceable, that Fujitsu has infringed the '063 patent by making, offering for sale, selling, and using certain products.  On information and belief, Fujitsu denies that any of its products infringes or has infringed any claim of the '063 patent directly or indirectly, or that it has contributed to or induced the infringement of the patent by another, and contends that the '063 patent is invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.  A justiciable controversy therefore exists between Tellabs and Fujitsu.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and/or 2201.

9.     Venue is proper in this judicial district for these Counterclaims pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b).

## FIRST COUNTERCLAIM FOR RELIEF

### (*Non-Infringement of the '480 Patent*)

10.     Fujitsu incorporates by reference the allegations of Paragraphs 1-9 as though fully set forth herein.

11.     On information and belief, Fujitsu has not infringed and is not infringing any valid and enforceable claim of the '480 patent.

12.     A judicial declaration is necessary and appropriate at this time so that Fujitsu may ascertain its rights and duties with respect to the manufacture and sale of products that Tellabs alleges infringe the '480 patent.

25

## SECOND COUNTERCLAIM FOR RELIEF

### (*Invalidity of the '480 Patent*)

13.    Fujitsu incorporates by reference the allegations of Paragraphs 1-12 as though fully set forth herein.

14.    On information and belief, the claims of the '480 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  As an example, the alleged invention of the '480 patent is disclosed in prior art U.S. Patent No. 5,500,756, rendering the '480 patent invalid under 35 U.S.C. § 102 and/or § 103.

15.    A judicial declaration is necessary and appropriate at this time so that Fujitsu may ascertain its rights and duties with respect to the manufacture and sale of products that Tellabs alleges infringe the '480 patent.

## THIRD COUNTERCLAIM FOR RELIEF

### (*Non-Infringement of the '063 Patent*)

16.    Fujitsu incorporates by reference the allegations of Paragraphs 1-9 as though fully set forth herein.

17.    On information and belief, Fujitsu has not infringed and is not infringing any valid and enforceable claim of the '063 patent.

18.    A judicial declaration is necessary and appropriate at this time so that Fujitsu may ascertain its rights and duties with respect to the manufacture and sale of products that Tellabs alleges infringe the '063 patent.

## FOURTH COUNTERCLAIM FOR RELIEF

### (*Invalidity of the '063 Patent*)

19.     Fujitsu incorporates by reference the allegations of Paragraphs 1-9 and 16-18 as though fully set forth herein.

20.     On information and belief, the claims of the '063 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  As an example, the alleged invention of the '063 patent is disclosed in prior art U.S. Patent No. 6,650,618, rendering the '063 patent invalid under 35 U.S.C. § 102 and/or § 103.

21.     A judicial declaration is necessary and appropriate at this time so that Fujitsu may ascertain its rights and duties with respect to the manufacture and sale of products that Tellabs alleges infringe the '063 patent.


## FUJITSU'S PRAYER FOR RELIEF

WHEREFORE, Fujitsu prays for judgment that:

A.     Awards Tellabs nothing from its Counterclaims;

B.     Dismisses Tellabs' Counterclaims with prejudice;

C.     Declares that Fujitsu has not infringed and does not infringe, directly or indirectly, any claim of the '480 patent, either literally or under the doctrine of equivalents, willfully or otherwise;

D.     Declares that the '480 patent is invalid;

     E.     Declares that Fujitsu has not infringed and does not infringe, directly or indirectly, any claim of the '063 patent, either literally or under the doctrine of equivalents, willfully or otherwise;

     F.     Declares that the '063 patent is invalid;

     G.     Declares that Tellabs' claims are barred by equitable estoppel and/or unclean hands;

     H.     Declares that Tellabs' claims are barred by estoppel;

     I.     Declares that that Tellabs Operations' claims are barred by laches;

     J.     Declares that Tellabs Operations' claims are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287;

     K.     Denies Tellabs' request for damages and injunctive relief; and

     L.     Any recovery of damages by Tellabs will be subject to a set-off in an amount provable at trial by Fujitsu for its claims.

Respectfully submitted,

Dated:  June 18, 2013

_s/ David C. Van Dyke_
David C. Van Dyke (#6204705)
Howard & Howard
200 South Michigan Ave. Suite 1100
Chicago IL 60604
Telephone: (312) 456-3641
Facsimile: (312) 939-5617
Email: dvd@h2law.com

David E. Wang
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email:  dwang@orrick.com

James C. Brooks
Alyssa Caridis
Michael Owens

28

Orrick, Herrington & Sutcliffe, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
Email:  jbrooks@orrick.com
Email:  chivick@orrick.com
Email:  acaridis@orrick.com
Email:  mowens@orrick.com

Mark P. Wine
Thomas S. McConville
Mark J. Shean
Glen Liu
Gino Cheng
Orrick, Herrington & Sutcliffe, LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710
Email:  mwine@orrick.com
Email:  tmcconville@orrick.com
Email:  mshean@orrick.com
Email:  gliu@orrick.com
Email:  gcheng@orrick.com

*Attorneys for* **FUJITSU LIMITED** *and*
**FUJITSU NETWORK COMMUNICATIONS**

29