IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FUJITSU LIMITED | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TELLABS OPERATIONS, INC., | ) | |
| TELLABS, INC., AND | ) | |
| TELLABS NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendants/Counter-Claimants. | ) | |
| _____) | | No. 12 C 3229 |
| | ) | |
| TELLABS OPERATIONS, INC. | ) | |
| TELLABS, INC., AND | ) | |
| TELLABS NORTH AMERICA, INC. | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FUJITSU NETWORK | ) | |
| COMMUNICATIONS, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 6, 2014, Tellabs Operations, Inc., Tellabs, Inc., and Tellabs North America, Inc. (collectively, "Tellabs") moved this court for judgment on the pleadings (Dkt. No. 140) and filed a memorandum in support (Dkt. No. 141, "Tellabs Mem."). In its motion, Tellabs seeks a judgment dismissing Fujitsu Limited ("Fujitsu") and Fujitsu Network Communications, Inc.'s ("FNC") statute of limitations defenses against Tellabs' counterclaims. (*Id*.) According to Tellabs, the defenses pled by Fujitsu and FNC (collectively, "Fujitsu Parties") must fail because

1

based on the parties' pleadings, the Illinois savings clause, 735 ILCS 5/13-207 (West 2014), permits Tellabs to assert counterclaims and third-party claims that may have otherwise been time-barred under applicable statute of limitations. (Tellabs Mem. at 1.) For the reasons set forth below, Tellabs' motion for judgment on the pleadings is granted.

## BACKGROUND

Because the facts underlying this on-going, multi-patent, multi-case dispute were discussed in this court's January 30, 2013 order addressing Tellabs' motion to dismiss (Dkt. No. 18), the court will limit its discussion to the facts necessary to decide the current motion.

On April 30, 2012, Fujitsu sued Tellabs alleging patent infringement of four U.S. Patents. (Dkt. No. 1.) After Fujitsu and Tellabs briefed Tellabs' motion to dismiss (Dkt. No. 9), the court, in the January 30, 2013 order (Dkt. No. 18), dismissed Fujitsu's claims, to the extent Fujitsu's claims were based on patents and products litigated in prior cases. (*Id*. at 1-2.) However, where Fujitsu's infringement contentions covered new products, the court denied Tellabs' motion to dismiss. (*Id*.)

On May 9, 2013, with the benefit of the court's prior order, Tellabs answered Fujitsu's complaint, and asserted counterclaims. (Dkt. No. 54, at 22-66, "Tellabs Ans.") Among these counterclaims are the alleged state law business tort counterclaims at issue here, including alleged misappropriation of trade secrets, business disparagement and defamation and unfair competition. (*Id*. at 35-61.) On June 18, 2013, the Fujitsu Parties answered Tellabs' counterclaims and third-party claims, asserting statute of limitations defenses, among others. (Dkt. No. 72, at 22.)

As stated earlier, Tellabs seeks in its motion for judgment on the pleadings, dismissal of the Fujitsu Parties' statute of limitations defenses. The Illinois savings clause, 735 ILCS 5/13-207 (West 2014), on which Tellabs bases its motion, states in pertinent part:

> A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise.

*Id*. Tellabs argues that when Fujitsu filed its complaint (Dkt. No. 1) in this action on April 30, 2012, that filing triggered 735 ILCS 5/13-207 which overcomes as a matter of law the Fujitsu Parties' statute of limitations defenses. (Tellabs Mem. at 3-4.)

In response, Fujitsu argues that judgment on the pleadings is inappropriate because of the Illinois borrowing statute, 735 ILCS 5/13-210 (West 2014). That statute provides:

> When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of lapse of time, an action thereon shall not be maintained.

*Id*. The Fujitsu Parties argue that the Illinois savings clause does not control unless Tellabs can demonstrate its business tort claims arose in Illinois. (Dkt. No. 149, at 5-7, "Fujitsu Resp.") If the claims arose in another state, the Fujitsu Parties argue the Illinois borrowing statute mandates incorporating that state's statute of limitations, which could potentially bar Tellabs' counterclaims. (*Id*.) Fujitsu contends that, because Tellabs has not ruled out this scenario, Tellabs cannot satisfy the standard for judgment on the pleadings, namely establishing beyond a doubt that the Fujitsu Parties' statute of limitations defense must fail. (*Id*.)

Additionally, Fujitsu argues that even if the Illinois savings clause applies, Tellabs' pleadings do not establish the factual pre-requisites for applying that statute. (Fujitsu Resp. at 3.) In particular, the Illinois savings clause requires that a plaintiff's original claim arise before the defendant's counterclaim became barred by the applicable statute of limitations. *Canada Life Assurance Co. v. Salwan*, 353 Ill. App. 3d 74, 80 (Ill. App. Ct. 1st Dist. 2004). Put another way, Fujitsu asserts that its

3

patent infringement claims must have arisen before Tellabs' counterclaims became time-barred under the relevant statute of limitations. *Id*. In response, Tellabs argues that the pleadings have satisfied this requirement, because all Fujitsu's patent infringement claims date back to the 2005 Verizon bid, while Tellabs' counterclaims stem from conduct Fujitsu subsequently allegedly engaged in. (Dkt. No. 153, at 4-5, "Tellabs Reply".)

Finally, the Fujitsu Parties argue the Illinois savings clause cannot be applied to FNC specifically or its statute of limitations defenses because Tellabs' claims against FNC are third-party, not counterclaims, and the Illinois savings clause only operates to save counterclaims. (Fujitsu Resp. at 3-4.) Tellabs responds that the Illinois savings clause applies to its claims against FNC, regardless of FNC's third-party status here. (Tellabs Reply at 5-6.) Tellabs argues that this case is "inherently connected and is partly consolidated" with another proceeding where FNC is a plaintiff, and therefore the Illinois savings clause should apply. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings after pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings is reviewed using the same standard that a court applies when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). Dismissal is appropriate where "it appears beyond doubt that [the non-moving party] cannot prove any facts that would support [the alleged] claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In reviewing a motion for judgment on the pleadings, courts view all facts in the light most favorable to the non-moving party. *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

ANALYSIS

*1. The Savings Clause and Borrowing Statute*

As a preliminary matter, the Fujitsu Parties are correct that nowhere in Tellabs' counterclaims does Tellabs specifically identify the state laws on which its business tort counterclaims are based. (Tellabs Ans. 35-61.) Such identification is not fatal because Tellabs is an Illinois resident, and necessarily suffered harm in Illinois due to the Fujitsu Parties' business torts that Tellabs alleges.

All three of the Tellabs entities are headquartered in Naperville, Illinois and incorporated in Delaware (*Id*. at 33). They consequently are considered residents of the state of Illinois and Delaware for diversity purposes. *See Buethe v. Britt Airlines, Inc.*, 787 F.2d 1194, 1195 (7th Cir. 1986) ("For diversity purposes a corporation is a citizen both of the state in which it is incorporated and of the state in which it has its principal place of business."). Additionally, for purposes of this court's diversity analysis, Fujitsu admits that is a citizen of Japan, and FNC admits that it is a citizen of California and Texas. (Dkt. No. 72 at 4.) Fujitsu is both incorporated and has its principal place of business in Japan, while FNC is incorporated in California with its principal place of business in Texas. (*Id.*)[1]

Because the parties are diverse, this court's analysis begins from the premise that Illinois statute of limitations law must apply. *Malone v. Bankhead Ents., Inc.*, 125 F.3d 535, 538 (7th Cir. 1997) (holding a "federal district court sitting in diversity must apply the statute of limitations laws of the state in which it sits."); *see also Pucci v. Litwin*, 828 F.Supp. 1285, 1299 (N.D. Ill. 1993) (Alesia, J.) (holding "[l]ike a district court exercising diversity jurisdiction, a district court exercising supplemental jurisdiction applies the law of the state in which it sits".).

---

[1] Neither party has contested that the amount in controversy for the business tort counterclaims is less than $75,000—the other requirement for diversity jurisdiction under 28 U.S.C. § 1332.

As previously discussed, the parties fundamentally disagree on how this court should apply Illinois statute of limitations law. As Tellabs points out, the Illinois savings clause 735 ILCS 5/13-207 permits a defendant to set forth counterclaims otherwise time-barred. (Tellabs Mem. at 3-4.) On the other hand, Fujitsu argues the Illinois borrowing statute incorporates the statute of limitations for claims arising in other states, provided neither party is an Illinois resident. (Fujitsu Resp. at 4-5.)

The Fujitsu Parties admit that the Illinois borrowing statute is only applicable where neither party is an Illinois resident. (Fujitsu Resp. at 5). It is undisputed that Tellabs is an Illinois resident, with its principal place of business in Illinois, for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

For purposes of the Illinois borrowing statute, some courts in this district applying Illinois law have held that a corporation's only residence is its state of incorporation. *See, e.g.*, *Techular Corp. v. Mentor Graphics Corp.*, 282 F.Supp.2d 869, 871 (N.D. Ill. 2003) (Bucklo, J.); *Westfalia-Surge, Inc. v. Dairy Tex, Inc.*, No. 03-4304, 2003 WL 22478742, at *2 n.3 (N.D. Ill. Nov. 4, 2003) (Zagel, J.). Consequently, under those respected federal district judges' determinations, the fact Tellabs is a resident of Illinois for diversity analysis, based on its principal place of business being in Illinois, has no effect on whether the borrowing statute is applicable.

Federal district courts in diversity of citizenship cases where state law is not completely clear must predict how the highest court of the state would decide the state law at issue. *See, e.g.*, *Birchler v. Gehl*, 88 F.3d 518, 521 (7th Cir. 1996). In this case, the decision hinges on whether the Illinois Supreme Court would apply the savings clause or the borrowing statute, in instances like this one where both statutes on their face could seemingly apply. Based on the

Illinois Supreme Court's explicit discussion of the Illinois savings clause, in *Barragan v. Casco Design Corp.*, 837 N.E.2d 16, 24-27 (Ill. 2005), this court predicts that the Illinois Supreme Court would hold that the Illinois savings clause's application would decide this matter, not the Illinois borrowing statute.

Although the Illinois Supreme Court, did not explicitly decide how to apply the Illinois savings clauses in light of the Illinois borrowing statute in its *Barragan* opinion, the Illinois Supreme Court did make several statements that support this court's prediction. *See, e.g., id.* at 24 ("Section 13–207 is a 'saving' provision that allows a counterclaim to proceed despite the failure to comply with the appropriate statute of limitations period"); *id*. at 25 ("Section 13–207, however, does the opposite of a statute of limitations. Instead of barring a claim after a specified period or setting a date for accrual of the claim, it saves otherwise barred claims."); *id*. at 26 ("With respect to the two sections of the Code to be reconciled in this case, it is only *after* the statute of limitations bars a claim that the saving provision can step in to save it"). These passages support the conclusion that, regardless of whether the Illinois borrowing statute would incorporate another state's statute of limitations, the Illinois savings clause would subsequently override the foreign state's limitations period.

In contrast to the Illinois Supreme Court's statements in *Barragan* in 2005, Fujitsu argues, that the 1999 Illinois Appellate Court opinion in *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 723 N.E.2d 687 (Ill. App. Ct. 1st Dist. 1999), supports Fujitsu's position that Tellabs' counterclaims are barred by the Illinois statute of limitations or of the statute of limitations of another state that has been borrowed. *Id*. at 692-93. However, nowhere in the *Employers Insurance* opinion did the Illinois Appellate Court discuss, mention, or indicate that it considered the effect of the Illinois savings clause.

In sum, because this court's jurisdiction on these claims is based on the diversity of the parties' citizenship, this court is to follow Illinois law. In the absence of a clear determination of Illinois law on this point by the Illinois Supreme Court, this court predicts the Illinois Supreme Court would hold that the Illinois savings clause, 735 ILCS 5/13-207 (West 2014), would save Tellabs' counterclaims, regardless of whether another state's statute of limitations laws would time-bar them under the Illinois borrowing statute, 735 ILCS 5/13-210 (West 2014). It is consequently irrelevant whether, as the Fujitsu Parties discuss in their briefing, the Fujitsu Parties' allegedly tortious conduct occurred in Texas or any other state. (Dkt No. 149, Fujitsu Resp. at 5-7.) The harm to Tellabs' business would have occurred in Illinois where Tellabs resides at its Naperville, Illinois headquarters.

*2. The Savings Clause's Pre-Requisite*

As discussed above, Fujitsu argues even if the Illinois savings clause applies Tellabs has not established the pre-requisite for applying it. (Fujitsu Resp. at 3.) In short, for the Illinois savings clause to apply, a plaintiff's original claim must arise before the defendant's counterclaim is time-barred. *Canada Life*, 353 Ill. App. 3d at 80. Fujitsu argues Tellabs has failed to establish these facts, based on the face of the parties' pleadings. (Fujitsu Resp. at 3.) In its Reply (Dkt. No. 153), Tellabs correctly argues all of Fujitsu's patent infringement claims arise from the 2005 Verizon bid, while Tellabs counterclaims stem from conduct Fujitsu allegedly engaged in after that bid. (Tellabs Reply at 4-5.) Thus, Tellabs has satisfied the requirement that its counterclaims were not time-barred before Fujitsu's patent infringement claims.

*3. The Illinois Savings Clause and FNC*

Finally, as discussed above, the Fujitsu Parties argue the Illinois savings clause cannot be applied to FNC's statute of limitations defenses, because FNC is a third-party, the claims against it are consequently third-party not counterclaims, and the Illinois savings clause only applies to

8

counterclaims. (Fujitsu Resp. at 3-4.) In its Reply, Tellabs argues that the Illinois savings clause applies to its claims against FNC, regardless of FNC's third-party status here, because this case is "inherently connected and is partly consolidated" with another proceeding where FNC is a plaintiff. (Tellabs Reply at 5-6.)

The Illinois savings clause is based on the principle that a party who initiates an action "waives application of the statute of limitations with regard to potential counterclaims." *Barragan*, 837 N.E.2d at 24. Illinois courts have long recognized that "once application of the statute of limitations has been waived, it remains waived even if the claim which triggered the waiver is later dismissed." *See id.*; *Ogg v. City of Springfield*, 458 N.E.2d 1331 (1984).

Had these counterclaims been filed by Tellabs in the other proceeding commenced by both of the Fujitsu Parties (No. 09 C 4530), the Illinois savings clause clearly would apply because FNC was a plaintiff. Because this present case, No. 12 C 3229, is inherently connected with No. 09 C 4530, where FNC was a plaintiff, the Illinois savings clause should apply here as well.

Fujitsu's arguments based on *O'Gorman v. City of Chicago*, 958 F.Supp.2d 928 (N.D. Ill. 2013) (Dow, J.) are not persuasive. In *O'Gorman*, the party seeking to rely on the savings clause was the plaintiff O'Gorman, not a "defendant" in the case seeking to assert counterclaims. (*Id*. at 934-35.) In contrast, here, the Fujitsu Parties filed the allegations of patent infringement against Tellabs, thereby prompting Tellabs to file its counterclaims. Unlike *O'Gorman*, the case before this court that are part of this on-going, multi-patent, multi-case dispute did not occur in separate forums but instead are in a single court. Thus, *O'Gorman* is completely distinguishable.

## CONCLUSION

For the reasons set forth above, this court grants Tellabs "Motion for Judgment on the Pleadings" in full. (Dkt. No. 140). Tellabs counterclaims are not time-barred due to the Illinois

9

savings clause. Tellabs has satisfied the savings clause's requirement that the Fujitsu Parties' claims arose before Tellabs' counterclaims and third-party claims were time-barred. Tellabs may prosecute its counterclaims against both Fujitsu and FNC, in spite of FNC's third-party status in this action, because this case is inherently connected with case no. 09 C 4530 where FNC was a plaintiff. Consequently, Illinois saving clause overcomes the Fujitsu Parties' statute of limitations defense.

                ENTER:

                JAMES F. HOLDERMAN
                United States District Judge

Date:  April 18, 2014